TRULINCS 10579062 - STILLEY, OSCAR AMOS - Unit: YAZ-B-B

---

FROM: 10579062
TO:
SUBJECT: 2241_Stilley1MtnIFP&Service
DATE: 12/27/2018 06:49:01 PM

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JAN -4 2019
ARTHUR JOHNSTON
BY_____ DEPUTY

\*   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF MISSISSIPPI

OSCAR STILLEY, DOJ-FBOP # 10579-062                           PLAINTIFF  3:19cv6 HTW-LRA

V.    CASE NO. _____

MATTHEW WHITAKER, ET AL                                       DEFENDANTS

PLAINTIFF'S MOTION FOR SERVICE OF COMPLAINT, FOR RULE/POLICY CHANGE
ALLOWING SUBMISSION OF IFP APPLICATION AFTER FILING, AND FOR POLICY CHANGE
SUCH THAT SERVICE OR WAIVER OF SERVICE IS ROUTINELY PROCURED BY THE
CLERK'S OFFICE, FOR PRISONER COMPLAINTS

Comes now Plaintiff Oscar Stilley (Plaintiff) and for his motion states:

1.   Plaintiff submitted a 69 page complaint with 285 pages of attachments, which arrived at the Court Clerk's office Friday, 12-14-18. The total weight of the complaint with exhibits was more than 3 pounds 10 ounces, and cost $8.50 to mail.

2.   Plaintiff included a cover letter explaining that his mother would send a check for $400, as soon as she got the case number. A copy of this cover letter is attached hereto as Exhibit "1." Included with the complaint was a stamped self addressed envelope to Plaintiff's mother Eliza Stilley, plus two labels to Plaintiff for the convenience of the clerk, plus 2 books of stamps.

3.   The clerk's office sent the stamps to Plaintiff's mother, and sent the complaint back to the Plaintiff.

4.   Plaintiff on Tuesday 12-18-18 called the clerk's office. "Kim" answered and graciously explained the situation.

5.   Kim explained that 1) office policy required payment or an In Forma Pauperis (IFP) application be included with the complaint, 2) that neither service nor requests for waiver of service are done by the clerk's office, even on IFP approved cases, absent court order, 3) that the clerk's office will not hold a check pending receipt of the complaint. Unfortunately Plaintiff had already caused his mother to send the $400 check, thinking that this was what the clerk's office wanted. Presumably this check has been or will be returned as well.

6.   Modern technology allows the submission of complaints and other pleadings and papers by electronic means, at much lower cost. The complaint can be provided to the defendants electronically, along with a waiver of service.

7.   Defendants in the case, at the present time, include ONLY officials or personnel of the Department of Justice (DOJ) or its subsidiary the Department of Justice-Federal Bureau of Prisons, (DOJ-FBOP) and only in their official capacities, the DOJ-FBOP as an entity, and the United States as an entity. Full official contact information on these individuals is readily available online.

8.   It is reasonable to presume that the Defendants would waive formal service if a proper request with all required documentation was electronically transmitted to Defendants or their probable counsel through official channels from the Clerk's office or the US Marshal's Office.

9.   Plaintiff does not have access to email, so that he might email forms requesting waiver of service, the complaint with all attachments, etc., to the defendants or their probable counsel. Nor does Plaintiff have access to PACER, or to the internet generally, or to other means of acquiring and transmitting an electronic copy of a complaint or other pleading.

10.  Plaintiff would gladly do this work if he was allowed access to the basic resources necessary to transmit documents electronically.

11.  Plaintiff's place of confinement, FCC Yazoo City Low, has computers with word processors for inmate use, but strictly

TRULINCS 10579062 - STILLEY, OSCAR AMOS - Unit: YAZ-B-B

----------------------------------------------------------------------------------------------------

prohibits inmates from using those computers or any other computers to prepare proper, professional pleadings that comply with the rules and the customs of this court.

12. The IFP application that Plaintiff is submitting, by its terms, applies to filing fees and costs.

13. Thus presumably the IFP could be construed as sufficient to cover the cost of economical service or waivers of service.

14. Plaintiff practiced law for some 19 years before coming to prison. Plaintiff held Arkansas bar #91096, and was admitted to the bar of many other courts either generally or PRO HAC VICE.

15. Plaintiff has filed his own prior civil complaint (WDAR 2:15-cv-163 BSM/BD) and has also helped a number of other inmates file their own civil complaints in federal court. As a general rule the clerk's office causes service to be effectuated, although sometimes inmates are asked to fill out forms or provide addresses.

16. Most clerks file the complaint and then send out an IFP form, giving the Plaintiff perhaps 30 days to either pay the fee or file the IFP request. This eliminates the possibility of thorny questions about statutes of limitations, if the complaint is returned and filed later.

17. Most inmates are not sufficiently experienced to do a good job of efficiently getting a waiver of service, or else effectuating formal service.

18. Plaintiff requests a change of policy such that complaints submitted by prison inmates will be filed, or at minimum be scanned and logged, so that MAILING of the same complaint will not be required.

19. On or about Thursday, 11-1-18, Mr. Ducksworth, an employee of FCC Yazoo City Low Education department, told a group of inmates in the library that the supply of copy cartridges would be cut from 3 per month to 1 per month, despite the fact that we have already been experiencing serious delays in getting replacement copy cartridges.

20. This was done even though the single copier for inmate use is a "cash cow" generating 13 cents per self serve copy, and staying busy most of the time the library is open.

21. If Plaintiff had to make paper copies for the 8 named Defendants (six officials plus the DOJ-FBOP, as well as the United States which requires service on both the Attorney General and US Attorney) it would consume an inordinate amount of exceedingly scarce inmate copier time. Furthermore, in single sided format this would be well over half a box of paper, to be printed, bound, and served on defendants in various locations. Inmates don't have a suitable means for binding such voluminous documents. Ibico combs are exceedingly hard to get. Copy cards are 50 copies each, which means that this single copy job would involve over 50 individual copy cards. The standard commissary purchase limit for copy cards is 5. At the present time we have a sign on the wall saying that commissary is out of copy cards altogether.

22. Just recently, the sole inmate copier was physically removed from its place in the inmate Leisure Library, and put in a place to which inmates have no access. Based on hearsay, this action was taken on grounds that an inmate was allegedly using the copier to make inappropriate copies. Plaintiff can't ascertain the full facts, but this further exacerbates an already unreasonably difficult situation.

23. This is just a sampling of the difficulties that Plaintiff would experience if he had to serve all the defendants with hard copy complaints and summons. Furthermore, the defendants will almost certainly want an electronic copy with filemark headers, for their files.

24. Most of the officials to be served are parties to inmate litigation on a regular basis, such that the Court Clerk's office will be able to maintain lists of the officials, their addresses, phone numbers, and email addresses, as well as the names and complete contact information for probable counsel. If not, such information is available on the internet with a few keystrokes.

25. Judicial economy and fundamental fairness militates in favor of the procurement of service (or waiver of service) by experienced personnel, with proper and timely proofs of service to the file.

WHEREFORE, Plaintiff respectfully requests:
   1) Policy change to the effect that the clerk will receive and file inmate civil complaints without prepayment of the filing fee or a completed IFP, subject to a request that the fee be paid or IFP filed within a reasonable time;
   2) Policy change to the effect that inmate civil complaints will be filed and service or waiver procured, (after screening, of



Case 3:19-cv-00006-HTW-LRA   Document 3   Filed 01/04/19   Page 3 of 4

TRULINCS 10579062 - STILLEY, OSCAR AMOS - Unit: YAZ-B-B
--------------------------------------------------------------------------------

course) both for IFP and fee paid plaintiffs, with necessary and frugal costs of service or waiver of service to be addressed by the Court at a proper time;
    3) Granting of Plaintiff's IFP application;
    4) Order that the clerk's office shall procure service or waiver of service upon the defendants in this case, with the costs to be addressed by the Court, at a proper time;
    5) Order that this motion and the associated brief be served on Defendants at the same time and in the same manner as the complaint and the exhibits to the complaint;
    6) Such other and further relief as may be appropriate whether or not specifically requested.

)
)
By _____    12-28-18
Oscar Stilley    Date
FCC Yazoo City Low
PO Box 5000
Yazoo City, MS 39194

TRULINCS 10579062 - STILLEY, OSCAR AMOS - Unit: YAZ-B-B

---

FROM: 10579062
TO:
SUBJECT: 2241_Stilley1LtrtoClkWcomplaint
DATE: 12/09/2018 05:06:11 PM

12-12-18

Exhibit "1"

Arthur Johnston, Clerk
US District Court
501 East Court Street
Suite 2.500
Jackson, MS 39201

Re:     Oscar Stilley v. Matthew Whitaker et al

Dear Mr. Johnston:

Herewith please find an admittedly lengthy complaint with 162 exhibits, along with a cover sheet, for filing. It is my understanding that your office scans filings and then discards the originals. If this is true, please return the originals to me. I am enclosing 2 books of stamps. It is my STRONG PREFERENCE that you use what you need for the return envelope, and keep the remaining stamps in my file, to mail things back to me from time to time.

If that is not practical for you, please send the excess stamps to my mother, along with a document showing the case number assigned to this case. My mother will promptly send you a $400 check for the filing fee. You doubtless know that although I can mail stamps out of the prison, others cannot send me stamps, because the prison mailroom will not let me receive them. If you wish, you can inform my mother of the case number by email to elizastilley37@gmail.com, or text to 662.998.0542. I've enclosed a SASE, so you can send her the stamps if you don't want to keep them. If I receive my copy of the filed complaint before my mother gets notice from your office, I'll tell her the case number and ask her to send money.

Whether or not you send me the originals, I request that you send me a complete copy of the filemarked complaint with all exhibits, with the filemark header at the top of each page. This will ensure that I am able to cite to pages of the pleadings with confidence. If you prefer, feel free to make my copy "4 pages per page" and double sided. That will save toner and paper for you. I'm happy to take it either way. Also, if you don't want to use the 4 pages per page option, you should still feel free to use both sides of the page.

I have set this up to allow you to file the exhibits separately, so as to ensure that the filemark number at the top of the page coincides with the pagination that I have set forth in the table of contents of the exhibits. It is very important to me that the finished complaint have every page of the document firmly affixed, so that there can be no question that persons served with this complaint have received every page that was filed, including all exhibits. If the complaint proper is assigned as Docket # 1, and the Exhibits with their cover and table of contents receives the Docket number 1-1, everything should work out fine. In that case my pagination should agree with the pagination of the docket page numbering system, since I have assigned page number "1" to the cover, as well as seriatim numbers to every page thereafter, in the set of exhibits.

The formatting of these documents leaves much to be desired - please forgive. The margins are awful and the print is small. I often try to get myself a little extra margin by copying the pages at 93%, using a centering option, so as to put the reduced image in the center of the page. I'm certainly not trying to tell you how to do your work. Whatever you do will be fine with me. Here at the prison we have been put on notice of an intent to cut our copier usage down to about 1/3 of the current level. That puts the inmates in between a rock and a hard place, with respect to preparing papers for court filings. This complaint consists of original prints from our page printer.

Thanks very much for your kind attention to these matters.

Kindest personal regards,

)  *[signature]*

Oscar Stilley