IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

OSCAR STILLEY, # 10579-062                                                                PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 3:19CV6-HTW-LRA

MATTHEW WHITAKER, WARDEN M.
MARTIN, WARDEN CHRISTOPHER
RIVERS, HUGH HURWITZ, REGIONAL
DIRECTOR J.F. CARAWAY, REGIONAL
DIRECTOR J.A. KELLER, DEPARTMENT
OF JUSTICE-FEDERAL BUREAU OF
PRISONS, UNITED STATES, and JOHN
DOES                                                                                        DEFENDANTS

**ORDER DENYING SERVICE BY THE COURT OR MARSHAL SERVICE**

BEFORE THE COURT is pro se Plaintiff Oscar Stilley's Motion for Service of Complaint, for Rule/Policy Change Allowing Submission of IFP Application After Filing, and for Policy Change Such that Service or Waiver of Service is Routinely Procured by the Clerk's Office for Prisoner Complaints [3] and Memorandum in Support [4]. Stilley is incarcerated with the Bureau of Prisons at the Federal Correctional Complex in Yazoo City, Mississippi. On January 4, 2019, he paid the $350 filing fee and a $50 administrative fee and filed his Complaint pursuant to the Federal Tort Claims Act, Freedom of Information Act, Religious Freedom Restoration Act, Administrative Procedures Act, Declaratory Judgment Act, 28 U.S.C. §§ 1361 and 2241, and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). He simultaneously moved for the Court to have either requests for waivers of process sent, or have summons served, by the Clerk of Court or the United States Marshals Service.

The Federal Rules of Civil Procedure provide that "[a]t the plaintiff's request, the court

may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). Otherwise, to serve the United States, a party must:

- (A) (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought–or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk–or

    (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

- (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

- (C) if the action challenges an order of a non-party agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1). To serve "a United States agency . . . or officer . . . sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certificated mail to the agency . . . [or] officer." Fed. R. Civ. P. 4(i)(2).

Stilley first complains that he cannot email requests for waivers of process, but requests for waivers of process do not apply to the United States. *See* Fed. R. Civ. P. 4(d)(1). He also states that he has moved for permission to proceed *in forma pauperis*; however, he has paid the $400 filing fee in this action, so he is not proceeding *ifp*. Finally, he asserts that the Complaint and defendants are voluminous and that either the Court or the Marshal Service would be more experienced in locating the addresses and serving process. Besides the United States and Department of Justice, the six individuals are sued "only in their official capacities," however. (Mot. for Serv. at 1). Moreover, Stilley admits that he is an attorney with experience in having

summons issued and served and "would gladly do this work" himself, if he could do it electronically. *Id.* He has not demonstrated that he cannot effectuate process in this case. Therefore, the Court finds the motion is not well taken and should be denied.

**IT IS THEREFORE ORDERED** that pro se Plaintiff Oscar Stilley's Motion for Service of Complaint, for Rule/Policy Change Allowing Submission of IFP Application After Filing, and for Policy Change Such that Service or Waiver of Service is Routinely Procured by the Clerk's Office for Prisoner Complaints [3] should be, and is hereby, **DENIED.**

**SO ORDERED**, this the 8th day of January, 2019.

S/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE