TRULINCS 10579062 - STILLEY, OSCAR AMOS - Unit: YAZ-B-B

----

FROM: 10579062
TO:
SUBJECT: 2241_StilleyMtnRemailOrder
DATE: 01/24/2019 06:12:08 PM



\*     UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF MISSISSIPPI

OSCAR STILLEY 10579-062                                      PLAINTIFF

V.       3:19-CV-6 HTW-LRA

MATTHEW WHITAKER ET AL                                       DEFENDANTS

### PLAINTIFF'S MOTION TO DIRECT THE CLERK TO SEND PLAINTIFF DOCKET AND DOCKET ITEMS, AND FOR EXTENSION OF TIME TO APPEAL ORDER

1.   Plaintiff on Wednesday 1-16-19 called the clerk's office, talked to Patsy, and was told that the Magistrate in this case had denied the motion for IN FORMA PAUPERIS status, and for service of the complaint.

2.   Plaintiff as of even date has not received a copy of the Magistrate's order. FCC Yazoo City Low habitually disregards notations on envelopes from court clerks, disputing the court clerk's designation of "legal mail," and saying that it does not qualify for special handling.

3.   Plaintiff intends to appeal the order. The fact that Plaintiff paid the $400 fee does not preclude a finding that Plaintiff qualifies for IFP status for the purpose of service (or procurement of waiver of service) of the complaint.

4.   Plaintiff has received the first two out of the 3 page "Notice of Electronic Filing," with respect to the complaint.

5.   Plaintiff has no documentary proof that the motion and supporting brief sent with the complaint were filed. However, based on Patsy's word that the Magistrate had entered an order denying the motion, Plaintiff concludes that it was filed.

6.   Plaintiff requests that the Court direct the clerk to send or re-send the following items to Plaintiff:

   A) All "Notices of Electronic Filing"
   B) An exhaustive docket sheet
   C) Another copy of the Magistrate's order
   D) Copies of all pleadings filed in this case, with filemark headers. For cost savings I'm willing to take the complaint plus exhibits 4 pages per page double sided, at the present time.

7.   Plaintiff doesn't know the actual terms of the order and thus cannot reasonably comment thereupon. However, as it stands, Plaintiff has no copy of the complaint that he is expected to serve on the defendants. Plaintiff gets no copies of pleadings with filemarked headers, despite polite request to the clerk's office. Plaintiff does not have access to the pleadings with filemark headers, due to the practices, policies, and procedures of the named Defendants.

8.   Plaintiff worked diligently to make the complaint and exhibits more useful and intuitive. Amongst other things, Plaintiff tried to make his pagination co-incide with the pagination of the Clerk's filemark headers. Although Plaintiff hasn't seen a copy of the filemarked complaint, based on his conversation with Patsy, the filemark numbers don't coincide with the numbers in Plaintiff's table of contents for the exhibits, or the pagination of the exhibits themselves.

9.   This SHOULD NOT be construed as a motion for more than it requests. Plaintiff wishes to read the order for himself, and then wishes to have the FULL TIME ALLOTTED BY RULE, in which to appeal.

10.   Plaintiff sent two letters to the clerk, to explain himself. Lacking filemarked copies of filed documents, Plaintiff does not know specifically what the Court has for review. However, it should be noted that Plaintiff offered to take 4 page per page, double sided copies of the complaint, as courtesy copies. Clearly such a copy would not suffice for purposes of service. See cover letter for second submission of the complaint for filing, dated 12-28-18.

11.   Plaintiff was told by Patsy that the exhibits and exhibit list were fragmented because of the physical size of the stack of

TRULINCS 10579062 - STILLEY, OSCAR AMOS - Unit: YAZ-B-B

--------------------------------------------------------------------------------

exhibits. While this might have some facial logic, clearly it is possible to "stack" pdf documents, and then use the full stack, so as to make the end product more user friendly.

12. Other documents from Jackson to the prison have been delivered overnight. Plaintiff cannot see any rational basis for expecting the Magistrate's order to be delivered at a later date, although the prison mailroom system is sufficiently erratic that this is still a possibility.

13. Part of the reason that Plaintiff is willing to accept a 4 page per page double sided set of complaint documents is the fact that Plaintiff hopes to get relief, judicial or otherwise, so that Plaintiff's set of exhibits, and the table of contents of the exhibits, is consistent with the court clerk's filemark headers. It is much more practical to do this before the complaint is served. Plaintiff needs to see what actually exists within the clerk's records, in order to effectively argue his position.

14. Plaintiff respectfully requests an extension of time up to and including the 20th day from the re-mailing of the Magistrate's order, to file any appeal to the order.

15. Plaintiff recognizes the difficulties that might arise with respect to the 90 day time frame for service, in light of the complexities herein. This motion is effectively ex parte since the complaint is not served. Plaintiff hereby gives notice that he intends to seek one or more extensions if he cannot procure or effectuate service in a timely fashion. If the Court sees fit it may take such action as it deems appropriate, or simply wait for a motion if such becomes necessary.

WHEREFORE, Plaintiff respectfully requests an order directing the clerk to provide Plaintiff with the copies listed in paragraph 6 of this motion; as well as an order granting Plaintiff up to the 20th day from the re-mailing of the Magistrate's order, to file any appeal; and such other and further relief as may be appropriate whether or not specifically requested.

)
)
By: _____    1-24-19
Oscar Stilley                         Date
FCC Yazoo City Low
PO Box 5000
Yazoo City, MS 39194

CERTIFICATE OF SERVICE - PRISON MAILBOX RULE

Plaintiff by his signature above pursuant to 28 USC 1746 declares under penalty of perjury that on the date stated above he placed a copy of this pleading in the prison outgoing mail receptacle, with sufficient 1st class postage attached, addressed to the clerk of the court for filing and service on all parties entitled to service, via CM/ECF.