TRULINCS 10579062 - STILLEY, OSCAR AMOS - Unit: YAZ-B-B

--------------------------------------------------------------------------------

FROM: 10579062
TO:
SUBJECT: 2241_StilleyConsBrfStackIFP
DATE: 02/04/2019 09:10:52 PM



\*         UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF MISSISSIPPI

OSCAR STILLEY 10579-062                                       PLAINTIFF

V.               3:19-6 HTW-LRA

MATTHEW WHITAKER, ET AL                                       DEFENDANTS

     PLAINTIFF'S CONSOLIDATED BRIEF IN SUPPORT OF
        1) APPEAL OF DENIAL OF MARSHAL SERVICE AND DENIAL OF INFORMA PAUPERIS STATUS,
        2) REQUEST FOR RE-STACKING COMPLAINT EXHIBITS

Comes now Plaintiff Oscar Stilley (Plaintiff) and for his brief states:

The basic facts are set forth in the Plaintiff's motions. Plaintiff at the present time has paid $400 for the filing fee on a complaint which, with all exhibits, exceeds 350 pages. As the Court can see from Docket items # 3 and 4, it is exceedingly difficult, and often impossible for long periods of time, to purchase copy cards from commissary. The capabilities and things taken for granted by the "free world" are virtually if not totally denied to prison inmates.

It is well established that federal courts have the power to assess partial fees against an indigent plaintiff. See e.g. OLIVARES V. MARSHALL, 59 F.3d 109 (9th Cir. 1995) The 9th Circuit in that case collected cases, saying that at least 9 other circuits have said that the assessment of partial filing fees is an appropriate exercise of authority under 28 USC 1915. Included in the list is SMITH V. MARTINEZ, 706 F.2d 572, 574 (5th Cir. 1983). The OLIVARES court explained at page 111 as follows:

> Although it is not axiomatic, the greater power to waive all fees includes the lesser power to set
> partial fees. Requiring the payment of fees according to a plaintiff's ability to pay serves the in forma
> pauperis statute's goal of granting equal access to the courts regardless of economic status. At the
> same time, requiring a partial payment within a plaintiff's ability to pay serves the dual aims of
> defraying some of the judicial costs of litigation and screening out frivolous claims.

Partial payment, or even the full payment of $400 along with an application for In Forma Pauperis (IFP) status, is not illogical. The IFP application by its very terms applies to both "fees" and "costs." Congress has provided that inmates must pay the full $350 for the basic filing fee, no matter how long it takes. This is done with a mandatory down payment plus periodic payments. In the grand scheme of things, an extra $50 paid in good faith is neither economic folly nor a major departure from the inescapable costs of a civil action by a federal prisoner.

Plaintiff in EDAR 2:15-cv-163 BSM/BD also paid the full $400 filing fee. The court assigned to that action ordered marshal service, which was promptly effectuated. Plaintiff on the basis of past experience assumed that a demonstration of good faith would not result in prejudicial consequences in the present action.

Federal Rule of Civil Procedure (FRCivP) 4 (b)(c)(3) provides that the court "must" order marshal service if the plaintiff is authorized to proceed IFP. Even if IFP status is denied, the court "may" order marshal service. Id.

The Court can see Plaintiff's economic situation. Plaintiff's mother held $600 for him. Of this sum, $400 went to the clerk to file this action. The remainder went to Plaintiff's commissary account. As the Court can see, Trulincs alone costs the Plaintiff about $150 per month, as a general rule.

Trulincs might seem like a luxury, but it really isn't. Trulincs is the only method whereby Plaintiff can draft a document that is lengthy and complex, yet reasonably well edited. The table of contents that Plaintiff prepared for the complaint proper, as well as for the exhibits, is the product of the capability to write, think, sleep, edit, and repeat the process. Editing is the key to presentable legal documents. Effective electronic editing is key to respecting the time of courts and opposing counsel and parties.

TRULINCS 10579062 - STILLEY, OSCAR AMOS - Unit: YAZ-B-B
------------------------------------------------------------------------

In OLIVARES, just past the 112 page marker, the court said "two other circuits have examined this problem and have suggested that the filing fee, while discretionary, should not take the prisoner's last dollar." [citations omitted] Plaintiff remembers the costs of sheriff or Marshal service when he came to prison almost 9 years ago. Plaintiff simply does not have the money to pay those costs. Plaintiff is told by the clerk's office that a mailed full size copy of his pleading would cost over $175. Assuming Plaintiff had the money and Yazoo City Low commissary reliably stocked copy cards, (neither of which are factual statements) copy card limits would prevent him from getting enough copies within the 90 days for service - even if Plaintiff bought the 5 card (250 copies worth) limit every 2 weeks, (we get to shop only once every 2 weeks) and made no copies of anything else. Plaintiff at the present time simply does not have the resources necessary to effectuate any form of lawful service in compliance with the FRCivP.

Plaintiff has good faith and arguably meritorious claims, upon which he is willing to risk $400, plus a very substantial cost for Trulincs time and printing, etc. Plaintiff has done everything he reasonably can to respect the court and opposing counsel. Plaintiff most respectfully submits that the proper course of action, at this time, is to order Marshal service, and take up questions of payment later.

The re-numbering of the exhibits is a housekeeping matter, which Plaintiff is now presenting to the Court for the first time. Plaintiff respectfully submits that judicial economy would be enhanced by stacking all 285 pages into a single document. In that way, the clerk's filemark headers will coincide with Plaintiff's handwritten page numbers. This is quite important, because the table of contents also refers to the handwritten page numbers. If the Clerk's filemark header numbering is inconsistent with the ink numbering and the table of contents numbering, confusion and administrative difficulty are likely to arise, with respect to references to the various exhibits to the complaint.

Thirty days have run off the 90 day clock for effectuation of service. If Marshal service is promptly ordered, the probabilities are that an extension will not be needed. The Marshal service routinely serves such papers for incarcerated litigants, and doubtless has understandings and arrangements with key personnel.

For all these reasons the Plaintiff submits that the relief he requests in his appeal and motion are warranted and should be granted.

Respectfully submitted,

)
)
By: _____          2-5-19
Oscar Stilley                         Date
FCC Yazoo City Low
PO Box 5000
Yazoo City, MS 39194

CERTIFICATE OF SERVICE - PRISON MAILBOX RULE

Plaintiff by his signature above declares under penalty of perjury that on the date stated above he placed a copy of this pleading in the prison outgoing mail receptacle, with sufficient 1st class postage attached, addressed to the clerk of court for filing and service via CM/ECF.