TRULINCS 10579062 - STILLEY, OSCAR AMOS - Unit: YAZ-B-B

--------------------------------------------------------------------------------

FROM: 10579062
TO:
SUBJECT: 2241_StilleyAppeal2dMagOrder
DATE: 04/26/2019 11:58:30 AM

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAY 01 2019
ARTHUR JOHNSTON
BY_____ DEPUTY

\*          UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI

OSCAR STILLEY 10579-062                                    PLAINTIFF

V.          3:19-CV-6 HTW-LRA

MATTHEW WHITAKER, ET AL                                    DEFENDANTS

          PLAINTIFF'S APPEAL OF
            1)  DENIAL OF MOTION TO PROCEED IN FORMA PAUPERIS AS "MOOT" (4-11-19, no docket #)
            2)  DENIAL OF MOTION TO RE-STACK EXHIBITS
            3)  DENIAL OF A FILEMARKED COPY OF THE COMPLAINT AND EXHIBITS

Comes now Plaintiff Oscar Stilley (Plaintiff) and for his appeal states:

Plaintiff has a prior appeal to District Court [Docket #8] pending. Plaintiff continues to rely upon the requests and arguments made in that motion and the supporting memorandum. Plaintiff has been led to believe that this matter was not "tickled" for judicial review originally, but that this oversight has been corrected.

      I. THE MOTION FOR IN FORMA PAUPERIS STATUS IS NOT MOOT

The Magistrate denied Plaintiff's motion for IN FORMA PAUPERIS status on the grounds that it was moot. This conclusion is simply erroneous. "A case 'becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" CHAFIN V. CHAFIN, 568 US 165, 172 (2012) The fact that Plaintiff managed to come up with $400 to pay the initial filing fee does not necessarily force the conclusion that Plaintiff has the funds and access to pay other costs of the litigation, most notably the costs of service of process.

Plaintiff is told that he has not explained how he plans to pay for a filemarked copy of the complaint. Some prisons participate in an Prison Electronic Case Filing pilot project. Petitioner might have the name wrong, but the substance and the concept is adequately reflected in the preceding sentence. Incarceration does not imply that the inmate should be denied access to electronic filing and/or retrieval of pleadings.

      II. THE EXHIBITS TO COMPLAINT SHOULD BE RE-STACKED SO THE FILEMARK HEADERS AND
          TABLE OF CONTENTS OF CONTENTS AGREE WITH EACH OTHER


The Magistrate says that Plaintiff's request to re-stack the complaint exhibits prior to service of process is "confusing and cannot easily be met." Most respectfully, Plaintiff cannot understand how this could possibly be confusing. Plaintiff included a letter to the clerk asking for the exhibits to be placed in ONE separate filing, presumably under the number "1-1," so that the numbering on the clerk's filemark headers would be consistent with the pagination in Plaintiff's table of contents provided at the beginning of the set of exhibits.

This can be accomplished by putting the entire stack into a scanner and letting it run until it is finished. Plaintiff is left to guess why this wasn't done. Perhaps the sheet feeder wouldn't take that many pages.

Assuming this was the problem, Adobe Acrobat allowed "drag and drop" stacking of separate sets of pdf documents 10 years ago, before Plaintiff was locked up. Once the stack contains the full set, in order, the clerk then applies the filemark headers. If this is done, the pagination of the filemark headers corresponds exactly to the pagination of the handmade table of contents and page numbers applied by the Plaintiff.

The clerk of the Eastern District of Arkansas provided filemarked copies of all pleadings to the Plaintiff, in Stilley v. US et al, EDAR 2:15-cv-163 BSM/BD. Furthermore, service was effectuated at no cost to the plaintiff despite the fact that plaintiff paid the full $400 filing fee.

TRULINCS 10579062 - STILLEY, OSCAR AMOS - Unit: YAZ-B-B

--------------------------------------------------------------------------------------------

The clerk of this court filed the complaint separately, as Plaintiff requested. Then the clerk split the exhibits into groups. Plaintiff hasn't seen these documents, but believes they are as described below.

1) Caption page and table of contents
2) Exhibits page numbered from 1-30
3) Exhibits page numbered from 31-70
4) Exhibits page numbered from 71-100
5) Exhibits page numbered 101-125
6) Exhibits page numbered 126-285

Assuming arguendo that Plaintiff could gain access to downloads from PACER, the cost is closer to $15 than it is to the $3 max per document fixed by policy. Plus, they would logically need to be stacked for purposes of printing. It is not practical to print a fragmented document 4 pages per page double sided. Inmates need the capability to print 4 pages per page double sided for many reasons, not the least of which is the fact that storage space is absurdly limited in prison.

Nobody explains why one docket item has over 150 pages, and another one has only 25. Plaintiff gave the caption page and the table of contents pages seriatim numbers, SPECIFICALLY so the numbers on his table of contents would point to the correct page in THE WHOLE SET. In that way the clerk would be able to scan the whole set, apply filemark header pagination, and have those filemark header page numbers coincide with Plaintiff's table of contents.

The Magistrate concludes that Plaintiff's request "cannot easily be met." Most respectfully, Plaintiff must disagree with this conclusion. Plaintiff has been denied access to technology during his incarceration. However, even before Plaintiff's incarceration, Plaintiff could have done this himself, or could have directed any of his office personnel to do it. It is easy to learn, and easy to verify the correctness of a completed job. Plaintiff has handwritten page numbers as well as exhibit numbers on his set of exhibits. Either these numbers run seriatim or they don't.

### III. PLAINTIFF SHOULD GET AT LEAST SOME SORT OF COPY OF HIS PLEADINGS

Plaintiff, recognizing his own economic weakness as well as the relatively lengthy complaint with exhibits, asked for a copy 4 pages per page double sided, by letter enclosed with his complaint and exhibits. Clearly such a copy is not suitable for service. However, that lets Plaintiff examine the filed document to make sure that everything is included and that it is in logical order. Generally speaking, such a compact copy can be made on modern software and printers.

Plaintiff has not the slightest desire to embarrass anyone in any clerk's office. Indeed, one of the reasons that Plaintiff asks for a copy of some sort is so that he can inspect, and let the clerk know if an error has occurred. Thankfully, errors are rare. But if they do occur, Plaintiff prefers to get the error corrected quickly, with the least trouble and time to clerk's office personnel. Plaintiff is fallible, as all humans are, and might be the source of the error. Regardless of the source of an error, Plaintiff seeks a logical and professional record that reflects well on the clerk's office.

Plaintiff asked for his originals back. The clerk's office has informed Plaintiff that their policy is to keep originals. Plaintiff doesn't wish to interfere with established procedures of the clerk's office. However, this leaves Plaintiff with a filed document and no means of visually inspecting it. It further leaves the clerk's office with proof of what Plaintiff filed, but it leaves Plaintiff with nothing.

These issues overlap the "mootness" ruling on IN FORMA PAUPERIS. Plaintiff would have no objection to being told he must pay the CUSTOMARY FEES for pleadings via PACER or CM/ECF, provided the DOJ-FBOP allowed incarcerated inmates to access PACER in the manner allowed to the public, with all the benefits of www.recapthelaw.org, and to save the pleadings for later use. At least some federal rules with respect to such matters provide that the litigant is entitled to one free copy. If the Plaintiff can get one free copy via email, and store it on a DOJ-FBOP approved server, this issue will for all practical purposes go away. Plaintiff only wants his one free copy, and he greatly prefers to get it in electronic format. Plaintiff is glad to pay the actual and reasonable costs of document production behind the concertina wire fences, thus saving postage costs.

The Magistrate notes that Plaintiff is a disbarred former attorney and thus has an advantage over the average inmate. This is true and Plaintiff is willing to admit it. The suggestion that Plaintiff's family is a source of legal support personnel or money is not supported by competent evidence. Plaintiff respectfully requests that the Court decline to rely on conclusions not supported by competent evidence.

Plaintiff has put forth his best efforts to protect the time of the Court. Plaintiff will defend the time of the Magistrate, the District

TRULINCS 10579062 - STILLEY, OSCAR AMOS - Unit: YAZ-B-B

-------------------------------------------------------------------------------------------------

Court, and if occasion should arise, members of the 5th Circuit Court of Appeals. Plaintiff will gladly do this by careful consideration of such helps as tables of contents, timelines, abstracts of pertinent records, etc. Petitioner will also gladly volunteer his services toward counseling other inmates against filing any meritless pleadings, against failure to properly draft and edit pleadings, etc.

The Magistrate suggests that Plaintiff "will not be prejudiced by the Court's failure to allow him to proceed at taxpayer expense with the costs of filing or the costs of service or process." Docket 11, pg. 3.

Plaintiff has already appealed the denial of service of process at public expense. However, it should be noted that the Clerk's office prepares process and the US Marshal Service effectuates service on a regular basis. It is a virtual certainty that they don't move pleadings by US Mail. It is a virtual certainty that they simply attach the summons and complaint to an email, send it to a proper official in the office of the relevant US Attorney and Attorney General, and get confirmation of receipt and admission of service on a date certain. Perhaps for some defendants the process is a bit different. But for most official capacity defendants, this is the logical and efficient way to effectuate service. The Marshal Service and the DOJ are not adversaries. Indeed, the Marshal Service is a branch of the DOJ.

On the street, Plaintiff could easily get the necessary email addresses, fillable forms, etc. Plaintiff could access all the customary and proper software to do these jobs. Plaintiff could email the pleadings to the proper officials, delivery and read receipts requested. Plaintiff could call these offices at will, to ask the status of a request for waiver of service, or admission that service has been effectuated, etc.

Plaintiff is prejudiced by being locked up in the custody of an adversary that denies him the ordinary access to communication resources, that lawyers and ordinary citizens on the street take for granted. Most respectfully, Plaintiff submits that the Magistrate's conclusion that Plaintiff will not be prejudiced by the denial of IN FORMA PAUPERIS status, or an order directing Marshal Service otherwise, is quite simply erroneous.

WHEREFORE, Plaintiff respectfully appeals the referenced orders; prays an order granting IN FORMA PAUPERIS status; an order that the clerk re-stack the exhibits to complaint into a single document; and an order directing the clerk's office to provide Plaintiff with copies of all pleadings filed in this case, either in hard copy or some other agreeable format; and for such other and further relief as may be appropriate whether or not specifically requested.

)
)
By:_____

Oscar Stilley
FCC Yazoo City Low
PO Box 5000
Yazoo City, MS 39194

4-26-19

Date

CERTIFICATE OF SERVICE - PRISON MAILBOX RULE

Plaintiff by his signature above pursuant to 28 USC 1746 declares under penalty of perjury that on the date stated above he placed a copy of this pleading in the prison outgoing mail receptacle, with sufficient 1st class postage attached, addressed to the clerk of court for filing and service via CM/ECF.

3