IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| OSCAR STILLEY | PLAINTIFF |
| v. | CIVIL NO. 3:19cv6-HTW-LRA |
| WARDEN RIVERS, ET AL. | DEFENDANTS |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS**

Defendant United States of America ("the government") submits this Memorandum Brief in Support of its contemporaneously filed Motion to Dismiss for lack of subject-matter jurisdiction.

## I. BACKGROUND

Plaintiff Oscar Stilley ("Stilley" or "Plaintiff") is a federal inmate who was housed at FCC Yazoo in Yazoo City, Mississippi ("FCC Yazoo" or "the prison"), at all times relevant to his complaint. *See* Dkt. No. 1.

On January 4, 2019, Stilley filed a *pro se* complaint in the United States District Court for the Southern District of Mississippi against several

defendants, including the United States of America. *See* Dkt. No. 1. Relevant to this motion, Stilley has brought a Federal Tort Claims Act (FTCA) claim against the government. Stilley has never filed an administrative tort claim based on the negligence alleged in his complaint. *See* Attachment 1 (Declaration of Joshua Robles).

## II. LEGAL PRINCIPLES

### A.    FTCA Principles

The United States, as sovereign, is immune from suit unless it consents to be sued. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." (citation omitted)). The Federal Tort Claims Act ("FTCA")[1] provides a limited waiver of sovereign immunity for plaintiffs to pursue tort claims against the government. *United States v. Orleans*, 425 U.S. 807, 813 (1976). The FTCA does not create any substantive causes of

---

[1] "The [FTCA] authorizes civil actions for damages against the United States for personal injury or death caused by the negligence of a government employee under circumstances in which a private person would be liable under the law of the state in which the negligent act or omission occurred." *Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003); *see also Johnson v. Sawyer*, 47 F.3d 716, 727 (5th Cir. 1995). In an FTCA case, "[s]tate law is 'the source of substantive liability.'" *King v. United States*, 901 F. Supp. 2d 781, 788 (S.D. Miss. 2012) (quoting *FDIC v. Meyer*, 510 U.S. 471, 478 (1994)).

action against the United States; rather, it establishes a procedure for remedy. *Certain Underwriters of Lloyd's v. United States*, 511 F.2d 159 (5th Cir. 1975).

The FTCA sets forth specific prerequisites for filing an FTCA claim. Relevant here, before filing a lawsuit under the FTCA, a plaintiff must first exhaust his administrative remedies under 28 U.S.C. § 2675(a). *See McNeil v. United States*, 508 U.S. 106, 112 (1993) ("The most natural reading of [28 U.S.C. § 2675(a)] indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process."); *Sun v. United States*, 1995 WL 103351, at *3 (5th Cir. 1995) ("The FTCA requires a claimant to exhaust administrative remedies before 'invocation of the judicial process.' " (quoting *McNeil*, 508 U.S. at 112)); *see also Martinez v. United States*, No. 3:14cv810, 2016 WL 5301184, at *3 (S.D. Miss. Aug. 22, 2016).

Exhaustion of administrative remedies under 28 U.S.C. § 2675(a) "is a jurisdictional prerequisite to an action alleging FTCA claims." *Sun*, 1995 WL 103351, at *3. Consequently, if a plaintiff files his FTCA lawsuit before

exhausting his administrative remedies under 28 U.S.C. § 2675(a), the government retains its sovereign immunity and the lawsuit must be dismissed for a lack of subject-matter jurisdiction. *See, e.g.*, *McNeil*, 508 U.S. at 109-13; *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) ("As a general rule, a premature complaint cannot be cured through amendment, but instead, plaintiff must file a new suit."); *Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981). Subject-matter jurisdiction under the FTCA "must exist at the time of filing[;] [and] even if the administrative claim has become exhausted since the time of filing the complaint, the district court should nonetheless dismiss the claim." *Hinojosa v. United States*, 506 F. App'x 280, 282 (5th Cir. 2013) (citing *Gregory*, 634 F.2d at 203-04).

**B.     Rule 12(b)(1)**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may move to challenge a federal court's jurisdiction over claims asserted in a plaintiff's complaint. *See Pride v. FEMA*, 1:11-cv-22, 2012 WL 4051984, at *1 (S.D. Miss. Sept. 13, 2012). "The burden on a Rule 12(b)(1) motion is on the party asserting jurisdiction." *Id.* (citing *Ramming v. United*

*States*, 281 F.3d 158, 161 (5th Cir.2001); *see also Corley v. United States*, No. 5:08cv177, 2008 WL 5412422, at *2 (S.D. Miss. Dec. 23, 2008) ("Plaintiff, as the party asserting jurisdiction, bears the burden of proof for a motion to dismiss under Rule 12(b)(1)." (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001))).

"A Rule 12(b)(1) motion should be granted only 'if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction.'" *Davis v. United States*, 597 F.3d 646, 649 (5th Cir. 2009) (quoting *Castro v. United States*, 560 F.3d 381, 386 (5th Cir. 2009)).

### III. DISCUSSION

Plaintiff has not met the FTCA's jurisdictional requirement that he file and exhaust his administrative claims with the appropriate federal agency before filing suit. Consequently, his claims against the government (i.e., the United States of America) must be dismissed.

Plaintiff's suit is governed by the FTCA, which has several jurisdictional prerequisites to filing suit against the United States. *See* 28 U.S.C. § 2675(a). One such prerequisite is the administrative-exhaustion

requirement:  Before filing suit, a plaintiff must present an administrative claim in writing to the appropriate federal agency and afford that agency an opportunity to review the claim.  *See* 28 U.S.C. § 2675(a).  A plaintiff cannot file suit until either the federal agency "finally denie[s] [the claim] in writing" or six months pass after the filing of the administrative claim.  *Id.*[2]

Plaintiff has not filed an administrative claim with the prison regarding the alleged negligence.  *See* Attachment 1 (Declaration of Joshua Robles).[3]  Thus, he has not satisfied the FTCA's administrative-exhaustion requirement.

---

[2] The plaintiff bears the burden of proving that he has satisfied the exhaustion requirement.  *See Griener v. United States*, 900 F.3d 700, 703 (5th Cir. 2018) ("The burden of proof for a Rule 12(b)(1) motion is on the party asserting jurisdiction." (citation and quotation marks omitted)); *see also Lewis v. U.S. Dep't of Hous. & Urban Dev.*, No. 3:12-CV-2540-D, 2013 WL 2367786, at *2 (N.D. Tex. May 30, 2013) ("Because exhaustion is a jurisdictional prerequisite to bringing a claim for money damages against the United States under the FTCA, [the p]laintiff has the burden of proof on this issue." (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001))).

[3] In ruling on a 12(b)(1) motion, "the court may consider any one of the following:  (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts."  *Davis v. United States*, 597 F.3d 646, 649-50 (5th Cir. 2009) (citation omitted).

Because Plaintiff failed to file and exhaust his administrative claims, the United States of America retains its sovereign immunity. Consequently, Plaintiff's claims against the government (i.e., the United States of America) must be dismissed for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1).

## IV. CONCLUSION

Plaintiff's negligence claim against the government can proceed only after Plaintiff meets the jurisdictional prerequisites for such claim. This has not occurred. Consequently, Plaintiff's FTCA claim against the United States of America must be dismissed without prejudice for lack of subject-matter jurisdiction.

    Respectfully submitted,

    D. MICHAEL HURST, JR.
    *United States Attorney for the*
    *Southern District of Mississippi*

    /s/ *Jennifer Case*
    JENNIFER CASE
    Mississippi Bar Number 104238
    *Assistant United States Attorney*
    501 E. Court Street, Suite 4.430
    Jackson, Mississippi  39201

Dated:  February 10, 2020			(601) 965-4480

Case 3:19-cv-00006-HTW-LRA   Document 26   Filed 02/10/20   Page 8 of 9

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the Electronic Case Filing system (ECF).

I certify that a true copy of the foregoing has been mailed via United States Mail, postage prepaid, to the *pro se* plaintiff as follows:

<u>*Pro Se Plaintiff*</u>
Oscar Stilley
Fed. Reg. No. 10579-062
FCC Yazoo City Camp
P. O. Box 5000
Yazoo City, MS  39194

Dated:  February 10, 2020

/s/ *Jennifer Case*
JENNIFER CASE
*Assistant United States Attorney*