IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| OSCAR STILLEY<br># 10579-062<br>Plaintiff,<br>v.<br><br>WILLIAM BARR, et al.<br>Defendants | )<br>)<br>)<br>)  Civil Action No. 3:19-cv-0006-HTW-LRA<br>)<br>)<br>) |

### DECLARATION OF LISA SINGLETON

In accordance with the provisions of Title 28, United States Code, Section 1746, I, Lisa Singleton, make the following unsworn declaration, under the penalty of perjury, pertinent to the above styled and numbered case.

1. I am currently employed by the Federal Bureau of Prisons as a Deputy Case Management Coordinator at the Federal Correctional Complex (Low-Security Institution) in Yazoo City, Mississippi.

2. As a Deputy Case Management Coordinator, I implement Bureau of Prisons correctional systems management policy at the institution level by signing procedural memoranda and ensuring training for staff under my supervision. I also ensure that correctional systems management operations within FCC Yazoo City (e.g., inmate admission and release systems, physical processing of inmates, judgment and commitment records maintenance, and coordination of transfers between prisons) operate within established Bureau of Prisons and FCC Yazoo City rules and regulations.

3. I am also responsible for processing the administrative remedy requests that inmates file at the institutional level. As a part of my duties, I have access to and knowledge of the computer records known as SENTRY, which contain electronic records for tracking inmates in the federal system, including their Administrative Remedy Program usage, and are maintained by the Bureau in the ordinary course of business.

4. The statements I make in this declaration are made on the basis of my review of the official files and records of the Bureau, my own personal knowledge, or on the basis of information acquired by me through the performance of my official duties. I am familiar with the administrative remedy process provided and followed by the Bureau. Furthermore, I am familiar with the allegations raised by Plaintiff ~~Byron~~ Oscar Stilley, Register Number 10579-062, in his complaint filed in this matter.

5. The Administrative Remedy Program is described at Title 28, Code of Federal Regulations, Sections 542.10 *et seq.* The Bureau's Program Statement 1330.17 further explains

1

the Administrative Remedy Program. Inmates at FCC Yazoo City are made aware of the Administrative Remedies Program, its function, and its process during Admission and Orientation into their respective institutions at FCC Yazoo City. Inmates also have access to Program Statement 1330.17 through the law library and their unit team.

6. As set out in the federal regulations, an inmate may seek formal review of any aspect of imprisonment if less formal procedures do not resolve the matter. The procedure provides a three-tiered review process comprised of an institution's warden, the Bureau's regional director, and the Bureau's general counsel. An inmate must first present his complaint for informal resolution before filing a formal review. If the inmate is unable to resolve his complaint informally, then a written administrative remedy request is formally filed locally, with the warden of the facility in which the inmate is confined. The inmate has 20 calendar days from the date on which the action complained of occurred to attempt informal resolution and file a formal complaint. Inmates are instructed to place a single complaint, or a reasonable number of closely related complaints, on the form. Ordinarily, the warden has 20 calendar days to respond. If the inmate is unsatisfied with the warden, or the warden does not respond, the inmate may appeal to the regional director within 20 calendar days. If the inmate is unsatisfied with the response of the regional director, or if the regional director does not respond within the allotted time, the inmate may appeal to the general counsel within 30 calendar days. An appeal to the office of general counsel is the final administrative appeal in the Bureau of Prisons.

7. If accepted, a request or appeal is considered filed on the date it is logged into the Administrative Remedy Index. Once filed, a response shall be made by the warden within 20 calendar days; by the regional director within 30 calendar days; and by the general counsel within 40 calendar days (with the exception of sensitive matters). If the time for response to a request or appeal is insufficient to make an appropriate decision, the time for response may be extended once by 20 days at the institution level, 30 days at the regional level, or 20 days at the general counsel level. Staff shall inform the inmate of this extension in writing. If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.

8. The Administrative Remedy Coordinator, at any level, may reject and return to the inmate without response a request or appeal that is written by an inmate in a manner which is obscene or abusive, or does not meet any other requirement set forth in the regulations. If a submission is rejected, the inmate shall be provided a written notice, signed by the Administrative Remedy Coordinator, explaining the reason for rejection. <u>A rejection of such a request does not satisfy the requirements for exhausting the mandatory, administrative-remedy process.</u> The Bureau does not retain originals or copies of Requests or Appeals that are rejected. All originals are returned to the inmate with the rejection notice.

9. The Bureau of Prisons maintains an electronic database called SENTRY, which, among other purposes, is used to track administrative remedies filed by inmates. SENTRY stores information entered by administrative remedies clerks on the status, progress, and disposition of each remedy filed by an inmate. Each filing received is logged into SENTRY regardless of whether the remedy is ultimately exhausted and whether the filing is rejected for some procedural reason.

10. Administrative remedy clerks at the institutional level assign a number known as a "Remedy ID" to each initial formal filing, a BP-9. This number is unique to that filing, and it helps individuals reviewing administrative remedy histories to follow the progression of a remedy from the BP-9 stage through the BP-10 and BP-11 stages. The Remedy ID is a six or seven digit number, and, on an administrative remedy history print-out from SENTRY, the Remedy ID is located on the left side of the entry paragraph immediately below the field labeled "RSP OF."

11. There are two parts to a Remedy ID. The first is the six or seven-digit number, and the second is the F1, R1, or A1 to the right of the Remedy ID number. The F1, R1, or A1 indicate the level of the entry. For instance, "F1" stands for the facility or institutional level—the BP-9 level; "R1" stands for the regional level—the BP-10 level; and "A1" refers to the general counsel level—the BP-11 level. An "F2," "F3," or "F4" indicates a prisoner's second, third, or fourth attempt at complying with the requirements at the institution level. The same would be true for similar entries at the Regional and Central Office levels.

12. I reviewed Stilley's SENTRY administrative remedy history. Pl.'s SENTRY Administrative Remedy History, Att. 1. My search indicated that inmate Stilley filed 23 remedy requests with the Federal Bureau of Prisons while incarcerated at FCC Yazoo City before he filed the instant lawsuit. However, inmate Stilley failed to comply with and complete the Bureau's administrative remedy program for any one remedy series. *See generally id.* This fact is apparent in the rejection statuses of each remedy filing listed on pages 29 through 40 of Stilley's administrative remedy history. Each filing was rejected either as untimely or for some other procedural or circumstantial deficiency. *See id.*

13. A review of Stilley's administrative remedy history shows that he failed to exhaust his administrative remedies for the claims in his complaint.

14. I certify that the enclosed documents as provided to the Assistant United States Attorney are true and accurate copies of the original documents created and held during the regular course of business within the Federal Bureau of Prisons.

Pursuant to 28 U.S.C. § 1746, I declare that the foregoing is true and accurate to the best of my knowledge and belief.

Executed this __03__ day of ~~January~~ February~~23~~, 2020.

*Lisa Singleton* (signature)

Lisa Singleton
Deputy Case-Management Coordinator
Federal Bureau of Prisons
Federal Correctional Complex
United States Penitentiary
Yazoo City, Mississippi

3