# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

OSCAR STILLEY                                                                                          PLAINTIFF

v.                                                                           CIVIL NO. 3:19cv6-HTW-LRA

WARDEN RIVERS, ET AL.                                                                          DEFENDANTS

## DEFENDANTS' MEMORANDUM IN SUPPORT OF
## MOTION TO DISMISS

Defendants Warden Christopher Rivers, Director J. F. Caraway, Director J. A. Keller, Federal Bureau of Prisons, The United States of America, U.S. Attorney General William Barr, former complex warden David Paul, and Director Kathleen Hawk Sawyer (hereinafter "Defendants") submit this Memorandum Brief in Support of their contemporaneously filed Motion to Dismiss.

## I. BACKGROUND

### A. Procedural Background

Plaintiff Oscar Stilley ("Stilley" or "Plaintiff") is a federal inmate who was housed at FCC Yazoo in Yazoo City, Mississippi ("FCC Yazoo" or "the prison"), at all times relevant to his complaint. *See* Dkt. No. 1.

On January 4, 2019, Stilley filed a *pro se* complaint in the United States District Court for the Southern District of Mississippi alleging various claims against the many defendants in this case. *See id.*

### B. Plaintiff's Complaint[1]

Plaintiff contends that the prison food service department failed to comply with the Bureau of Prison's national policy and menu requirements by serving noncompliant food portions, not including certain menu items on the food service menu, and denying him sufficient time or the opportunity to eat. Plaintiff also maintains that Defendants violated his constitutional rights by discriminating against him on the basis of his

---

[1] Because this case arises from a motion to dismiss, the Court accepts as true the factual allegations in Plaintiff's complaint. *Ashcroft v. al-Kidd*, 563 U.S. 731, 734 (2011). The facts are construed in the light most favorable to Plaintiff. *Turner v. Lieutenant Driver*, 848 F.3d 678, 684 (5th Cir. 2017). The Court liberally construes Plaintiff's *pro se* pleading. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

religion by not allowing him to meet with other congregants of his faith tradition in the chapel while permitting inmates of other religions to meet in the chapel.  Finally, Plaintiff argues that he and other inmates of his faith tradition were not allowed access to religious materials of their choice and that his due process rights were violated in disciplinary hearings at the prison.

Plaintiff brings his complaint under various theories of subject-matter jurisdiction:  (1) federal habeas under 28 U.S.C. 2241; (2) the Federal Tort Claims Act ("FTCA"); (3) the Freedom of Information Act (5 U.S.C. 552); (4) the Religious Freedom Restoration Act ("RFRA"); (5) *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971); and (6) the Administrative Procedure Act.  Dkt. No. 1, at 1.

## II.  LEGAL PRINCIPLES

The defenses raised below may be asserted through a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure.  Under Rule 12, a court must construe a motion to dismiss as a motion for

summary judgment if it considers matters outside of the pleadings.[2] *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

When ruling on motion to dismiss a *pro se* complaint for failure to state claim, a court must "examine all of [the] complaint, including the attachments." *Clark v. Huntleigh Corp.*, 119 F. App'x 666 (5th Cir. 2005); *see also supra* note 1. Moreover, the exhibits attached to a motion to dismiss "are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim." *Causey*, 394 F.3d at 288.

### III. Discussion

Plaintiff has not exhausted his administrative remedies. Therefore, his claims against Defendants must be dismissed for failure to state a claim on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).[3]

---

[2] A court may grant summary judgment if, "viewing the evidence in the light most favorable to the nonmoving party, the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' " *Causey*, 394 F.3d at 288 (quoting Fed. R. Civ. P. 56(c)). "A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988) ("The [Supreme] Court has stated that Fed. R. Civ. P. 56(c) mandates summary judgment in any case where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986))).

1.   **Legal Principles**

The Prison Litigation Reform Act ("PLRA") requires inmates to exhaust available administrative remedies before filing a suit challenging prison conditions.[4]  "[P]rison conditions" broadly encompasses <u>all</u> suits about prison life.  *See Porter v. Nussle*, 534 U.S. 516, 520 (2002) (rejecting attempt to carve out exception for excessive-force claims and holding that the PLRA's "exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences"); *Woodford v. Ngo*, 548 U.S. 81, 90 n.2 (2006) (rejecting attempt to carve out exceptions for constitutional claims).  Accordingly, the exhaustion requirement applies regardless of whether the inmate's complaint arises out of the overall conditions within

---

[3] To the extent the Court relies on evidence outside the pleadings that is not referred to in Plaintiff's complaint and central his claims, Defendants ask that the Court convert this portion of their motion to one for summary judgment.  *See Dillon v. Rogers*, 596 F.3d 260, 271 (5th Cir. 2010) (finding conversion of a motion to dismiss to a motion for summary judgment proper in the context of a failure-to-exhaust argument); *but see Causey*, 394 F.3d at 288 (stating that the exhibits attached to a motion to dismiss "are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim").

[4] "No action shall be brought with respect to prison conditions under [§ 1979 of the Revised Statues of the United States (42 U.S.C. § 1983)], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

the prison, a particular episode (such as a single incident of excessive force), prison staff's deliberate indifference to the inmate's medical needs or safety, or some other wrong. *Porter*, 534 U.S. at 534.

The PLRA's exhaustion requirement applies to all of Plaintiff's claims other than his FTCA claim.[5] *See Pupo v. Laughlin*, No. 5:12cv2, 2012 WL 2916742, at *1 (S.D. Miss. May 29, 2012) (28 U.S.C. § 2241); *Calhoun v. Dept. of Justice*, No. 08-1663, 2010 WL 1507649, at *1 (D.D.C. April 14, 2010) (Freedom of Information Act (5 U.S.C. § 552)); *Doyon v. United States*, A-07-CA-977-SS, 2008 WL 2626837, at *4-5 (W.D. Tex. June 26, 2008) (Religious Freedom Restoration Act ("RFRA")); *Baskin v. Murphy*, No. 1:04-cv-324, 2007 WL 1192313, at *3 (E.D. Tex. April 23, 2007) (same); *Zebrowski v. U.S. Fed. Bureau of Prisons*, 558 F. App'x 355, 359 (5th Cir. 2014) (*Bivens*); and *Krilich v. Fed. Bureau of Prisons*, 346 F.3d 157, 158 (6th Cir. Oct. 7, 2003) (Administrative Procedure Act).

---

[5] Plaintiff's claims under the Federal Tort Claims Act are the subject of a motion contemporaneously filed on behalf of the United States of America.

Because administrative exhaustion is mandatory, courts cannot excuse it. *See Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) ("[A] court may not excuse a failure to exhaust[.]"). Accordingly, an inmate must exhaust all levels of administrative review before filing suit regardless of whether the prison's administrative process "meet[s] federal standards" or is "plain, speedy, and effective." *Porter*, 534 U.S. at 524 (citation and quotation marks omitted).

## 2. Discussion

Plaintiff has not exhausted all levels of administrative review for any of his non-FTCA claims.

Plaintiff's complaint incorporates several of the administrative filings he made regarding the alleged violations; it also incorporates some of the prison's responses to such filings. *See* Exhibits to Dkt. No. 1. These administrative filings demonstrate that Plaintiff did not complete the administrative-remedy process, as he failed to follow relevant procedures,

filed untimely claims, and filed claims at the wrong institutional level.[6] *See, e.g.*, Dkt. No. 1-2, at 15 (letter showing claim returned as undeliverable); Dkt. No. 1-2, at 23 (rejecting claim for filing at the wrong institutional level); Dkt. No. 1-2, at 39 (same); Dkt. No. 1-3, at 5 (rejecting claim for untimeliness); Dkt. No. 1-3, at 15 (rejecting claim for not filing necessary paperwork); Dkt. No. 1-3, at 38 (rejecting claim for untimeliness); Dkt. No. 1-4, at 39 (rejecting claim for untimeliness and for filing at the wrong institutional level); Dkt. No. 1-5, at 29, 32 (rejecting claim for failing filing at the wrong institutional level, for failing to use the correct form, and for failing to attempt informal resolution); Dkt. No. 1-5, at 52, 55 (same); Dkt. No. 1-6, at 15, 17, 19 (rejecting claim for untimeliness); Dkt. No. 1-6, at 33 (rejecting claim for filing at the wrong institutional level, for failing to

---

[6] The prison's mandatory, four-step, administrative-review process is set forth in 28 C.F.R. §§ 542.10-542.19. First, an inmate must submit a request for informal resolution through a BP-8 form. *Id*. § 542.13(a). Second, if informal resolution is unsuccessful, the inmate must submit a formal written Administrative Remedy Request to the Warden through a BP-9 form. *Id*. § 542.14(a). Third, if an inmate is dissatisfied with the Warden's response, he may appeal to the appropriate Regional Director by filing a BP-10 form. *Id*. § 542.15(a). Fourth, if the inmate is not satisfied with the Regional Director's response, he may appeal by submitting a BP-11 form to the Bureau's Central Office. *Id*. An inmate has not exhausted the administrative review process until his claims have been considered at each level. *Id*.

use the correct form, and for failing to attempt informal resolution). Because he did not complete the mandatory, administrative-review process for any of his condition-of-confinement claims, Plaintiff's complaint must be dismissed.

Should the Court desire further confirmation that Plaintiff failed to exhaust his administrative remedies, Defendants incorporate into their motion the Declaration of Lisa Singleton. *See* Attachment 1. That declaration and its associated attachment make clear that Plaintiff failed to complete the mandatory, administrative-remedy process for any of the condition-of-confinement claims alleged in his complaint. *See* Attachment 1 ¶¶ 12-13 (noting that Plaintiff's administrative remedy was "rejected either as untimely or for some other procedural or circumstantial deficiency"); *see also id*. ¶ 8 (noting that an inmate's remedy request will be rejected if it fails to fulfill the relevant procedural requirements and clarifying that a "rejection" of such a request does not satisfy the requirements for exhausting the mandatory, administrative-remedy process).

Because Plaintiff did not exhaust the administrative-remedy process, all of his claims—other than his FTCA claim[7]—against Defendants must be dismissed for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6); *see also Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016) (noting that the PLRA "establish[es] a mandatory exhaustion regime[]" that "foreclose[es] judicial discretion").

## IV. CONCLUSION

Defendants request that the Court dismiss Plaintiff's claims, other than his FTCA claim against the government, for failure to state a claim on which relief can be granted.[8]

> Respectfully submitted,
>
> D. MICHAEL HURST, JR.
> *United States Attorney for the*
> *Southern District of Mississippi*
>
> /s/ *Jennifer Case*

---

[7] Plaintiff's claims under the Federal Tort Claims Act are the subject of a motion contemporaneously filed on behalf of the United States of America.

[8] *See supra* note 3 (requesting that Defendants' motion be converted to one for summary judgment if the Court relies on evidence outside the pleadings that is not referred to in Plaintiff's complaint and central his claims).

|  |  |
|---|---|
|  | JENNIFER CASE |
|  | Mississippi Bar Number 104238 |
|  | *Assistant United States Attorney* |
|  | 501 E. Court Street, Suite 4.430 |
|  | Jackson, Mississippi  39201 |
| Dated:  February 10, 2020 | (601) 965-4480 |

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the Electronic Case Filing system (ECF).

I certify that a true copy of the foregoing has been mailed via United States Mail, postage prepaid, to the *pro se* plaintiff as follows:

<u>*Pro Se Plaintiff*</u>
Oscar Stilley
Fed. Reg. No. 10579-062
FCC Yazoo City Camp
P. O. Box 5000
Yazoo City, MS  39194

Dated:  February 10, 2020

                                         /s/ *Jennifer Case*
                                         JENNIFER CASE
                                         *Assistant United States Attorney*