IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| OSCAR STILLEY | PLAINTIFF |
| v. | CIVIL NO. 3:19cv6-HTW-LRA |
| WARDEN RIVERS, ET AL. | DEFENDANTS |

**REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS**

Defendants Warden Christopher Rivers, Director J. F. Caraway, Director J. A. Keller, Federal Bureau of Prisons, The United States of America, U.S. Attorney General William Barr, former complex warden David Paul, and Director Kathleen Hawk Sawyer (hereinafter "Defendants") reply in support of their Motion to Dismiss.  *See* Dkt. No. 27.

## I. Discussion

Relevant here, Plaintiff Oscar Stilley ("Stilley" or "Plaintiff") sued Defendants for various alleged policy and constitutional violations. *See* Dkt. No. 1.  Stilley never exhausted all levels of administrative review

for any of his non-FTCA claims.[1]  *See* Dkt. No. 27-1 (Declaration of Lisa Singleton).  Therefore, Defendants moved to dismiss Stilley's non-FTCA claims for failure to exhaust such claims administratively.  *See* Dkt. No. 28 (discussing non-exhaustion argument and necessity of dismissal pursuant to Fed. R. Civ. P. 12(b)(6)).

Stilley responded to Defendants' motion.  *See* Dkt. Nos. 31; 32.  After stripping away the unfounded conspiracy theories and unsupported accusations, Stilley's response centers on whether he is mentally able to exhaust his administrative remedies.  *See, e.g.*, Dkt. No. 31 ¶¶ 23, 45; Dkt. No. 32, at 3-4 (discussing Stilley's experience and legal qualifications).

Federal inmates routinely exhaust administrative remedies for all sorts of claims.  Stilley provides no basis for this Court to conclude that he should be excused for his failure to meet the routine requirement of exhaustion.  He simply states that he is intelligent and an "experienced former attorney, with enormous incentive to exhaust."  *See* Dkt. No. 31

---

[1] Stilley's FTCA claims are the subject of a separate motion to dismiss.  *See* Dkt. No. 25.

¶ 45. Those general, unsupported statements are insufficient to survive Defendants' motion to dismiss. *See* Dkt. No. 28, at 7-10 (discussing non-exhaustion argument).

Because Stilley did not exhaust the administrative-remedy process for any of his claims, all of his claims—other than his FTCA claims—against Defendants must be dismissed for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6); *see also Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016) (noting that the PLRA "establish[es] a mandatory exhaustion regime[]" that "foreclose[es] judicial discretion").

## II. CONCLUSION

For the reasons stated in Defendants' Motion to Dismiss and supporting Memorandum Brief, this Court should dismiss Plaintiff's claims, other than his FTCA claim against the government,[2] for failure to state a claim on which relief can be granted.

Respectfully submitted,

D. MICHAEL HURST, JR.

---

[2] Plaintiff's claims under the FTCA are the subject of a separate motion to dismiss filed on behalf of the United States of America. *See* Dkt. No. 25.

*United States Attorney for the
Southern District of Mississippi*

Dated:  April 6, 2020

/s/ *Jennifer Case*
------------------------------
JENNIFER CASE
Mississippi Bar Number 104238
*Assistant United States Attorney*
501 E. Court Street, Suite 4.430
Jackson, Mississippi  39201
(601) 965-4480

# CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the Electronic Case Filing system (ECF). I certify that a true copy of the foregoing has been mailed via United States Mail, postage prepaid, to the *pro se* plaintiff as follows:

<u>*Pro Se Plaintiff*</u>
Oscar Stilley
Fed. Reg. No. 10579-062
FCC Yazoo City Camp
P. O. Box 5000
Yazoo City, MS  39194

Dated:  April 6, 2020

/s/ *Jennifer Case*
JENNIFER CASE
*Assistant United States Attorney*