IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| OSCAR STILLEY | PLAINTIFF |
| v. | CIVIL NO. 3:19cv6-HTW-LRA |
| WARDEN RIVERS, ET AL. | DEFENDANTS |

**REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS**

Defendant United States of America ("the government") submits this reply in support of its Motion to Dismiss. *See* Dkt. No. 25.

## I. DISCUSSION

Relevant here, Plaintiff Oscar Stilley ("Stilley" or "Plaintiff") filed Federal Tort Claims Act ("FTCA") claims against the government for its alleged negligence. *See* Dkt. No. 1. Stilley never filed an administrative tort claim based on the negligence alleged in his complaint. *See* Dkt. No. 25-1 (Declaration of Joshua Robles). Therefore, the government moved to dismiss Stilley's FTCA claims for failure to exhaust such claims

administratively, as is required before the government waives its sovereign immunity and before this Court obtains subject-matter jurisdiction over Stilley's claims. *See* Dkt. No. 26 (discussing non-exhaustion argument).

Stilley responded to the government's motion. *See* Dkt. Nos. 31; 32. After stripping away the unfounded conspiracy theories and unsupported accusations, Stilley's response centers on whether he filed this lawsuit within six months of receiving a right-to-sue letter. *See, e.g.*, Dkt. No. 31 ¶¶ 15-16; Dkt. No. 32, at 1-3. This assertion is irrelevant.

The government's motion to dismiss is not based upon the timeliness or untimeliness of Stilley's complaint. *See generally* Dkt. No. 26. The government's motion is based on this Court's lack of subject-matter jurisdiction over the FTCA claims because Stilley never exhausted such claims administratively. *See* Dkt. No. 26, at 5-7 (discussing non-exhaustion argument).

As the plaintiff, Stilley has the burden to show administrative exhaustion[1] and subject-matter jurisdiction.[2] He has not met either burden. Because Stilley failed to file and exhaust his administrative claims, the government retains its sovereign immunity. Consequently, Plaintiff's claims against the government (i.e., the United States of America) must be dismissed for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1).

## II. CONCLUSION

For the reasons stated in its Motion to Dismiss and supporting Memorandum Brief, this Court must dismiss Plaintiff's FTCA claims against the United States of America for lack of subject-matter jurisdiction.

---

[1] *See also Lewis v. U.S. Dep't of Hous. & Urban Dev.*, No. 3:12-CV-2540-D, 2013 WL 2367786, at *2 (N.D. Tex. May 30, 2013) ("Because exhaustion is a jurisdictional prerequisite to bringing a claim for money damages against the United States under the FTCA, [the p]laintiff has the burden of proof on this issue." (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001))).

[2] *See Pride v. FEMA*, 1:11-cv-22, 2012 WL 4051984, at *1 (S.D. Miss. Sept. 13, 2012). ("The burden on a Rule 12(b)(1) motion is on the party asserting jurisdiction." (citing *Ramming*, 281 F.3d at 161)); *see also Corley v. United States*, No. 5:08cv177, 2008 WL 5412422, at *2 (S.D. Miss. Dec. 23, 2008) ("Plaintiff, as the party asserting jurisdiction, bears the burden of proof for a motion to dismiss under Rule 12(b)(1)." (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001))).

Respectfully submitted,

D. MICHAEL HURST, JR.
*United States Attorney for the Southern District of Mississippi*

/s/ *Jennifer Case*

JENNIFER CASE
Mississippi Bar Number 104238
*Assistant United States Attorney*
501 E. Court Street, Suite 4.430
Jackson, Mississippi 39201
Dated: April 6, 2020                (601) 965-4480

# CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the Electronic Case Filing system (ECF). I certify that a true copy of the foregoing has been mailed via United States Mail, postage prepaid, to the *pro se* plaintiff as follows:

<u>*Pro Se Plaintiff*</u>
Oscar Stilley
Fed. Reg. No. 10579-062
FCC Yazoo City Camp
P. O. Box 5000
Yazoo City, MS  39194

Dated:  April 6, 2020

/s/ *Jennifer Case*
JENNIFER CASE
*Assistant United States Attorney*