# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| OSCAR STILLEY | PLAINTIFF |
| v. | CIVIL NO. 3:19cv6-HTW-LRA |
| WARDEN RIVERS, ET AL. | DEFENDANTS |

## RESPONSE IN OPPOSITION TO
## MOTION FOR PRELIMINARY INJUNCTION

Defendants Warden Christopher Rivers, Director J. F. Caraway, Director J. A. Keller, Federal Bureau of Prisons, The United States of America, U.S. Attorney General William Barr, former complex warden David Paul, and Director Kathleen Hawk Sawyer (hereinafter "Defendants") respond in opposition to Plaintiff's Motion for Preliminary Injunction.  *See* Dkt. No. 30.

### I.  BACKGROUND

Relevant here, Plaintiff Oscar Stilley ("Stilley" or "Plaintiff") sued Defendants for various alleged policy and constitutional violations.

*See* Dkt. No. 1.  He also sued the government for negligence.  *See id*.  Because Plaintiff never exhausted any of his claims administratively, Defendants filed motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  *See* Dkt. No. 25; 27.

Plaintiff responded in opposition to Defendants' motions.  *See* Dkt. Nos. 31; 32.  Contemporaneous with his response, he filed a motion for a preliminary injunction wherein he asks the Court to order Defendants to do various things, including let him leave the prison to work on his legal case(s), provide him access to certain computer systems, and enable certain word processing functions, such as "cut and paste."  *See* Dkt. No. 30.

## II.  Legal Principles

"A preliminary injunction is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion."  *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (citation and quotation marks omitted); *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) ("The

decision to grant a preliminary injunction is to be treated as the exception rather than the rule.").

"[F]our conditions must exist for a district court to issue a preliminary injunction: (1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that the plaintiff will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury to the plaintiff outweighs the threatened harm the injunction may do to the defendant; and (4) that granting the preliminary injunction will not dissolve the public interest." *Denning v. Air Logistics LLC*, 252 F.3d 436 (5th Cir. 2001) (citation and quotation marks omitted). "[T]he moving party must carry the burden of persuasion on each of the elements of the four-prong test." *Id*. (noting that "the moving party [must] persuade the court that it meets the threshold on each factor; otherwise, the court may not issue the injunction"); *see also Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985) ("[I]f the movant does not succeed in carrying its burden on any one of the four prerequisites, a preliminary injunction may not issue . . . .").

In the prison setting, requests for a preliminary injunctions are viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.  *See Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971) (affirming denial of injunction to obtain release from administrative segregation and cautioning that, "except in extreme circumstances," the "federal courts are reluctant to interfere" with matters of prison administration and management, such as prison discipline and classification of inmates).

### III.  DISCUSSION

Plaintiff has not carried his heavy burden to establish any of the four prerequisites to the issuance of a preliminary injunction.

Critically, as noted in Defendants' motions to dismiss, the Court lacks subject-matter jurisdiction over Plaintiff's FTCA claims, and all of his other claims should be dismissed for failure to state a claim.  *See* Dkt. Nos. 25 thru 28.  Thus, it is not likely that Plaintiff will prevail on any of his claims.

Moreover, Plaintiff has already responded to Defendants' motions; consequently, he cannot show that he will suffer irreparable injury if the injunction is not granted.[1]

Because Plaintiff has not carried his heavy burden to establish all of the prerequisites to the issuance of a preliminary injunction, his motion should be denied.

### IV. CONCLUSION

This Court should deny Plaintiff's Motion for Preliminary Injunction.

Respectfully submitted,

D. MICHAEL HURST, JR.
*United States Attorney for the*
*Southern District of Mississippi*

/s/ *Jennifer Case*
JENNIFER CASE
Mississippi Bar Number 104238
*Assistant United States Attorney*
501 E. Court Street, Suite 4.430
Jackson, Mississippi 39201
(601) 965-4480

Dated: April 6, 2020

---

[1] Defendants will not address the remaining preliminary-injunction prerequisites, as Plaintiff's deficient showing on the first two prerequisites is fatal to his motion.

# Certificate of Service

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the Electronic Case Filing system (ECF). I certify that a true copy of the foregoing has been mailed via United States Mail, postage prepaid, to the *pro se* plaintiff as follows:

<u>*Pro Se Plaintiff*</u>
Oscar Stilley
Fed. Reg. No. 10579-062
FCC Yazoo City Camp
P. O. Box 5000
Yazoo City, MS  39194

Dated:  April 6, 2020

/s/ *Jennifer Case*
Jennifer Case
*Assistant United States Attorney*