# Martha durossette

**From:** STILLEY OSCAR AMOS (10579062)

**Sent Date:** Monday, April 20, 2020 9:49 AM

**To:** machowarrior@gmail.com

**Subject:** 2241_Stilley1RplyPrelimInj



\*   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF MISSISSIPPI

OSCAR STILLEY 10579-062             PLAINTIFF

V.       CIV. NO. 3:19-CV-6 HTW-LRA

WILLIAM BARR, ET AL             DEFENDANTS

### PLAINTIFF'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION

Comes now Plaintiff Oscar Stilley (Plaintiff) and for his reply to response states:

It is fascinating that counsel for the government elected to forgo any REPLY to Plaintiff Stilley's response to the government's motion to dismiss. This is of course the government's prerogative - be it far from the Plaintiff to tell the government how to litigate their case. If they're satisfied with their motion, paired with Plaintiff's response, then that motion is ripe for consideration, presumably for the issuance of a report and recommendation.

The government of course had to oppose the motion for preliminary injunction - unless they wanted that pleading to come before the Court UNOPPOSED. The government chose not to allow the request for preliminary injunction to go unopposed.

Since the filing of Plaintiff's motion, significant developments have arisen. Plaintiff respects the government's right of due process - but their right of due process can be adequately protected on objections to report and recommendation, if any. The Defendants have "doubled down" on their violations of due process and the right of 1st Amendment peaceful petition.

On 4-1-2020, a "town hall" meeting was held. Associate Warden (AW) Mr. Lee, told the inmates the official position of FCC Yazoo City, concerning administrative remedies and litigation during the covid-19 pandemic. First, inmates would henceforth be denied access to printing or copier resources, and to the meager legal research capabilities that we previously had.

Second, inmates would not be allowed any forms, such as the BP8 documentation of informal resolution, or the BP9 forms for filing formal administrative remedy requests to the warden. Third, we were told that nobody was going home (to home confinement). Fourth, we were told that the courts are closed anyway, therefore we have nothing to complain about. AW Lee, in response to a question from Plaintiff, said that the Trulincs "cut and paste" functionality would not be enabled. Plaintiff told AW Lee that federal judges could access CM/ECF filings from any internet enabled computer. This made no difference to AW Lee.

On 3-31-2020, Mr. Dontae Dennis, Assistant Supervisor of Education (ASOE) told Plaintiff that he could get a Fusion typing keyboard in two weeks. This is however nothing but the latest in a 2 year long line of lying, deceit, and broken promises. He had no intention of keeping his word this time, just as he has had no intention to keep it in the past. He was just about to get into a car with an inmate driver, (who was listening to the conversation) and wanted to say something to terminate the conversation, without admitting to his perfidy. Plaintiff still doesn't have a Fusion keyboard.

The government cites YOUNG V. WAINWRIGHT, 449 F.2d 338, 339 (5th Cir. 1971) for the proposition that federal courts are "reluctant to interfere" with matters of prison administration and management, such as prison discipline and classification of inmates. The government cites NOTHING to challenge Plaintiff's assertion of

# Martha durossette

outrageously high recidivism rates, and other evidence of a dysfunctional correctional environment within the DOJ-FBOP. The government cites NOTHING to suggest that the relief sought by Plaintiff would interfere with any LEGITIMATE functioning of the federal prisons, in any way.

The DOJ-FBOP has cut the Plaintiff clean off from ANY access to ANY legal research tools, even the DOJ-FBOP's standard-issue garbage. The legal research BUTTON is clearly visible on the computer on which this is drafted - the only problem is that the button is DISABLED. How convenient for the government! Plaintiff cannot read the government's case and comment on it. Plaintiff cannot SHEPARDIZE for cases citing that decision, or otherwise find cases that support his position. The government cites its authority, and takes the Plaintiff out at the knee-joints. Their arguments should be evaluated in light of their hard-ball tactics.

Consider now what happens to a computer that the government purchases for inmate use. It has to have an operating system - it won't work otherwise. That operating system, produced by Microsoft, includes a suite of bundled programs, including a word processor, Wordpad, and a variety of other useful software.

The DOJ-FBOP disables all these things, down to "cut and paste" functionality. No, not exactly ALL PRISONS WITHIN the DOJ-FBOP. Some prisons, such as Pollock Medium in Louisiana, give inmates access to word processors and a reasonable amount of file storage space. It just happens that FCC Yazoo City, which holds the custody of PLAINTIFF, a prisoner that the government would very much like to keep locked up contrary to law, chooses not to allow ITS inmates to have access to word processors, or even to "cut and paste." Thus the DOJ-FBOP feigns honor and competence, all while maintaining places at which despised inmates will be denied reasonable access to the courts, as that term is used in the law. This Court can be sure that designation officials know WHICH IS WHICH, and use that information to their own devious advantage.

It is notable that the government makes no effort to cite authority to the effect that Plaintiff's claims and arguments, concerning reasonable access to the courts, are mistaken or overstated. The only arrow in the government's quiver, concerning the motion to DISMISS, is a claim that Plaintiff has not exhausted so much as a solitary administrative remedy request, in 10 years of trying. In responding to Plaintiff's motion for PRELIMINARY INJUNCTION, the government basically dodges everything, while citing the RELUCTANCE of federal courts to interfere in matters of prison discipline and classification of inmates. RELUCTANCE doesn't imply that such things NEVER happen. Indeed, RELUCTANCE implies that such things DO HAPPEN - just not often. Furthermore, Plaintiff's issue can hardly be described as "prison discipline" or "classification of inmates."

Consider now the fact that Plaintiff sent the clerk a large stamped self addressed envelope, with four 1st class stamps, with a request for a copy of Plaintiff's Reply to Response to Motion to Dismiss, plus Motion for Preliminary Injunction, plus consolidated brief in support, with filemark headers. Plaintiff got back "filemarked" copies of the front pages of these documents. Now Plaintiff cannot PRINT another copy, and did not SAVE a copy before sending to the clerk. Such copies are very expensive, but become trash as soon as a copy with filemark headers are returned.

Plaintiff considers clerks, and their deputies, to be VIPs, worthy of respect and protection. They do wonderful work, including a lot of work they shouldn't have to do, and wouldn't have to do, if inmates were allowed to use commonly available software so as to produce quality pleadings, and file those pleadings electronically.

Even if that isn't allowed, Plaintiff and his fellow inmates should be allowed access to PAY FOR their pleadings, with filemark headers. Plaintiff isn't trying to bum "free stuff," or require court employees to do unnecessary work. Plaintiff likes to pay his own way, treat others with respect, and tap their time as lightly as possible. If the DOJ-FBOP, by and through its officers named in this litigation, will simply respect the right of inmates to pay for copies of their own filed pleadings, the problem is solved.

Everybody else gets ONE FREE COPY, by virtue of their status as a named party. So what's wrong with letting inmates pay for what everyone else gets for free? What's wrong with gently but firmly informing the DOJ-FBOP that this is the law and will most certainly be enforced as such? Put another way, what's RIGHT about letting Plaintiff's ADVERSARY stomp out Plaintiff's ability to maintain a complete litigation file?

The government has sabotaged the basic, native capabilities of the computers and software that they rent to inmates at the exorbitant cost of $3 per hour of Trulincs. Plaintiff has already shown, on his IN FORMA PAUPERIS application, an approximately $2,000 per year Trulincs habit.

It won't hurt the defendants to UNDO their acts of sabotage of the litigating capability of federal prison inmates at

SELECTED federal prisons. Order the defendants to allow federal inmates to copy and paste our legal research, and any other text that we may need to copy and paste, within or between any programs to which inmates have otherwise lawful access. Order the defendants to refrain from disabling any functionality in the software that ordinarily comes with a Microsoft operating system, and the software bundled therewith.

After all, Plaintiff has a prison job, which theoretically pays $18 per month. In reality it isn't always that much, it might be closer to $12. He has to pay $25 per quarter for restitution. The ability to save several blocks of legal text, from several cases, and print them all together, especially at 4 pages per page, is A MASSIVE SAVINGS, relative to the inmate's pitifully meager earning capacity.

Plaintiff currently has no printing capability, AT ALL. Plaintiff can send the message, whereupon he has NO capability to edit or send to anyone else. That's why this pleading is coming to the court in the form of a pdf attached to an email. Plaintiff will be asking the clerk to file this as a pdf, because Plaintiff is cut off from all other options. Surely we can fix this latest attack on foundational constitutional rights.

Plaintiff's request for freedom from obstruction of the use of his own property and rights to property, for his own direct appeal and other proper litigation, is a separate issue. Does a FIFTH CIRCUIT case override SUPREME COURT precedent? The answer to that question is a resounding "no." The 5th Circuit in 1971 didn't TRY to override the Supreme Court, and didn't THINK it was doing any such thing. BOUNDS V. SMITH is a 1977 Supreme Court case. The US Supreme Court didn't think the 5th Circuit was trying to override its decisions, in YOUNG V. WAINWRIGHT. The government in its response is comparing apples to oranges.

The specific controls the general. Plaintiff cited clear, direct, unassailable US Supreme Court precedent in support of his position, which the Defendants CANNOT and DID NOT even attempt to rebut or explain away. Plaintiff should get a prompt preliminary injunction, in conformity with his request.

WHEREFORE, Plaintiff respectfully requests that this Court grant all the relief sought in Plaintiff's original motion for preliminary injunction.

Respectfully submitted,

)

By:/s/ Oscar Stilley
Oscar Stilley
FCC Yazoo City
PO Box 5000
Yazoo City, MS 39194

4-20-2020
Date

*Oscar Stilley* 10579-062

CERTIFICATE OF SERVICE - PRISON MAILBOX RULE

Plaintiff by his signature above, (/s/ Oscar Stilley) having been recently denied the ability to produce a paper document, pursuant to 28 USC 1746, declares under penalty of perjury that on the date stated above, through Trulincs, he caused some other person to supply a copy of this pleading to the Clerk of the Court via email, with a request that the pdf file, generated from word processor, be filed electronically in this case by clerk's office personnel. Plaintiff has no printer available, by which to print a copy of this pleading so as to mail it. Therefore Plaintiff respectfully requests that this pleading be accepted as sufficiently authenticated and served via CM/ECF.

# Martha durossette

**From:** STILLEY OSCAR AMOS (10579062)

**Sent Date:** Monday, April 20, 2020 10:07 AM

**To:** machowarrior@gmail.com

**Subject:** Cover message to clerk

Dear Martha:

Here goes with a message to the clerk.

I love you, Martha.

Oscar
*********

Dear Mr. Johnston:

Attached hereto please find a pdf pleading in Stilley v. Barr et al, SDMS 3:19-cv-6. My brother Oscar Stilley is in prison at FCC Yazoo City Camp. He has been cut clean off from any printing capability.

Therefore he sent his pleading to me. I put the pleading in word processor and generated to pdf. The attachment hereto is that pleading.

Would you be so kind as to file this pleading, or at least put it on your CM/ECF system as "tendered?" Oscar Stilley doesn't have a better way to get this to you. He'll sign a copy in ink if it is sent to him. However, it seems to me that under the circumstances, his "/s/ Oscar Stilley" should be accepted as a valid signature.

Please reply at your convenience and let me know your decision concerning the tender of this pleading for filing.

Thanks very much,

Martha Durossette