# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

OSCAR STILLEY
Reg. No. 10579-062                                          PLAINTIFF

VS.                              CIVIL ACTION NO. 3:19cv6-HTW-LRA

WARDEN RIVERS, ET AL.                                      DEFENDANTS

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This cause is before the undersigned Magistrate Judge for
Report and Recommendation on Defendant United States of
America's Motion to Dismiss [25] and on the remaining
Defendants' Motion to Dismiss [27]. The moving Defendants
assert that the claims of Oscar Stilley [hereinafter "Plaintiff"
or "Stilley"] should be dismissed due to his failure to exhaust
the administrative remedies that were available to him through
the Bureau of Prison's ["BOP"] mandatory process set forth in 28
C.F.R. §§ 542.13(a) and agency review under 28 U.S.C. § 2675(a).

After a review of the pleadings and exhibits, and the
applicable law, the undersigned recommends that the motions to
dismiss be granted based upon Stilley's non-exhaustion.

## I.  PROCEDURAL HISTORY

Stilley is a federal inmate incarcerated at the Federal
Correctional Complex ("FCC-Yazoo"), in Yazoo City, Mississippi.
He was convicted of tax evasion in the Northern District of

Oklahoma and sentenced to 15 years in prison on April 23, 2010. His original release date was May 17, 2023, with Good Conduct Time. Stilley filed a 69-page Complaint in this case, along with 384 pages of supporting exhibits [1]. A Table of Contents of the Complaint is located on pages 4-5. He claims various theories of subject-matter jurisdiction, including (1) federal habeas under 28 U.S.C. 2241; the Federal Tort Claims Act ("FTCA"); (3) the Freedom of Information Act ("FOIA") (5 U.S.C. 552); (4) the Religious Freedom Restoration Act ("RFRA"); (5) *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971); and (6) the Administrative Procedure Act. [1, p. 1]. His claims are numerous and will not be set forth in detail herein. For example, he describes his Section 2241 claims on page 2 of the Complaint as follows:

> With respect to 2241 claims, Plaintiff is challenging certain "shots" as well as the loss of Good Conduct Time, etc., the denial of access to his own property, essential to reasonable access to the courts, retaliation against him for the exercise of rights protected by the 1st Amendment, due process clause, and other claims, which will be set forth hereinafter.

According to Stilley, he was incarcerated at the Federal Correctional Complex (FCC) Forrest City Low (Arkansas) from June 11, 2010, until the middle of 2015. He was moved to Oakdale-1 in Oakdale, Louisiana until the middle of 2017, and to FCC

Beaumont Low for a short period in late 2017 and early 2018. He
was then moved to FCC Yazoo in early 2018 and remains housed
there.

Defendants filed the instant motions and attached their
supporting exhibits. As to the motion filed by the United
States on the FTCA claims [25], it filed the sworn Declaration
of Joshua Robles, Supervisory Attorney of Prisons, FCC Yazoo
[25-1], and Exhibit A [25-2], copies of Stilley's Administrative
Tort History from the Bureau's Content Manager System. As to
the remaining Defendants' Motion to Dismiss [27], they filed the
sworn Declaration of Lisa Singleton, Deputy Case-Management
Coordinator, FCC Yazoo, [27-1] and Stilley's SENTRY
Administrative Remedy History [27-2].

## II.  STANDARD OF REVIEW

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a
party to challenge the subject matter jurisdiction of the
district court to hear a case. Lack of subject matter
jurisdiction may be found in any one of three instances,
including (1) the complaint alone; (2) the complaint
supplemented by undisputed facts evidenced in the record; or (3)
the complaint supplemented by undisputed facts plus the court's
resolution of disputed facts. *Ramming v. United States*, 281

F.3d 158, 161 (5th Cir. 2001) (per curiam). The burden of proof is on the party asserting jurisdiction, but the motion should be granted only if it appears certain that plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction. *Id.; Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013). A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion under rule 12(b)(6). *In re Mirant Corp.*, 675 F.3d 530, 533 (5th Cir. 2012). Subject matter jurisdiction may be challenged via a Rule 12(b)(1) motion. *Pride v. FEMA*, 1:11cv33, 2012 WL 4051984, at *1 (S.D. Miss. Sept. 13, 2012).

### III. DEFENDANT USA'S MOTION TO DISMISS FTCA CLAIMS [25]

Stilley's negligence claims were filed under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2674. Under the FTCA, the United States waives its sovereign immunity "for certain torts committed by federal employees." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); 28 U.S.C. §1346(b). It permits "civil actions for damages against the United States for personal injury or death caused by the negligence of a government employee under circumstances in which a private person would be liable under the law of the state in which the negligent act or omission occurred." *Quijano v. United States*, 325 F.3d 564, 567 (5th

4

Cir. 2003) (citing 28 U.S.C. §§ 1346(b); 2674). The waiver of sovereign immunity is limited, and it does not create any substantive causes of action against the United States; it only establishes the procedure for the remedy. *Certain Underwriters of Lloyd's v. United States*, 511 F.2d 159 (5th Cir. 1975).

The FTCA establishes specific prerequisites for filing an FTCA claim, including the requirement that a plaintiff first exhaust his administrative remedies under 28 U.S.C. § 2675(a). This is a jurisdictional requirement that cannot be waived. A plaintiff must present an administrative claim in writing to the appropriate federal agency and afford that agency an opportunity to review the claim. 28 U.S.C. § 2675(a). A plaintiff cannot file suit until the agency denies the claim in writing or six months pass after the filing of the administrative claim. *Id*.

A plaintiff has the burden of proving he has exhausted because he is the party asserting jurisdiction. *Griener v. United States*, 900 F.3d 700, 703 (5th Cir. 2018). Because exhaustion is a jurisdictional prerequisite to bringing the claim, a plaintiff bears the burden. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001).

As the basis of its Motion to Dismiss, the United States contends that this Court lacks subject matter jurisdiction over

Stilley's tort claims because he has not exhausted the claims as required under the FTCA. In support, it attached the Declaration of Joshua Robles, Supervisory Attorney for the FCC Yazoo Legal Center. Mr. Robles has the responsibility and oversight over the administrative tort claims filed by inmates against the BOP for acts or omissions of staff members at FCC Yazoo. In this role, he has access to the BOP's "Content Manager," the BOP's case-management software and system of records. *See* 25-1.

According to Mr. Robles, he searched the Content Manager for any administrative tort claims filed by Stilley. His search revealed that Stilley has never filed such a claim with the BOP concerning any incident or claim associated with FCC Yazoo. *Id.* There were five claims filed by Stilley, but all of these arose out of other institutions, not the FCC Yazoo. Mr. Robles attached records from Stilley's Administrative Tort History as Exhibit A [25-2]. These records describe the five claims he filed, as "have not received property from transfer"; "Alleges he is not receiving proper dental care, sister not allowed to visit, suspension of his Trulincs account, his funds were placed on hold, was served turkey patties which made him ill, was not provided eyeglasses, and denied education"; "alleges his boots

were missing from his property after being placed in SHU"; and, "alleges various ongoing medical issues where proper treatment is not received." [25-2, pp. 2-5]. All of these claims were closed, and the dispositions are not given.

Stilley filed a lengthy response and supporting memoranda to both motions [31, 32], and his response to the FTCA exhaustion issue is contained on pages 1-3. Stilley refers to pages 31-32 regarding the exhaustion required for his FTCA claims. His FTCA claims include his allegation that he has received inadequate dental care while in custody of BOP. He apparently believes that his suit against the United States in this case continues from prison to prison, even though the care provided at each place is not the same. His response also focuses on whether this lawsuit was filed within six months of receiving a right-to-sue letter. But, as Defendant points out, it is not the timeliness of Stilley's Complaint at issue. Instead, it is whether or not Stilley exhausted his FTCA claims administratively--- a prerequisite to establishing this Court's jurisdiction.

Stilley has set forth a generalized fear of retaliation. Yet he does not offer specific threats or acts by any particular officer. These conclusory allegations do not excuse the

exhaustion requirement or render the program unavailable. *See Brown v. Civigenics*, 439 Fed.Appx. 370, 371 (5th Cir. 2011).

It is Stilley who must show that this Court has jurisdiction over his FTCA claims. In the opinion of the undersigned, Stilley has not rebutted the Declaration of Joshua Robles and the supporting records. This Court has no jurisdiction over his claims, and the undersigned recommends that the United States' Motion to Dismiss be granted.

"The basic purpose of the exhaustion doctrine is to allow an administrative agency to perform functions with its special competence--- to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies." *Parisi v. Davidson*, 405 U.S. 34, 37 (1972). Indeed, the FTCA claims brought by Stilley are massive and complicated and involve various theories of law. Having these determinations made by the specific agency involved would probably be far more productive in obtaining relief than including them all in this one lawsuit.

## IV. REMAINING DEFENDANTS' MOTION TO DISMISS [27]

The remaining Defendants (Warden Christopher Rivers; Director J.F. Caraway; Director J.A. Keller, Federal Bureau of Prisons; the United States of America; United States Attorney

General William Barr; former complex warden David Paul; and, Director Kathleen Hawk Sawyer] filed a Motion to Dismiss [27]. In support, they submitted the Declaration of Lisa Singleton, a Deputy Case Management Coordinator at the FCC Yazoo [27-1]. She attached Stilley's SENTRY Administrative Remedy History [27-2]. These Defendants assert that all of Stilley's remaining claims should be dismissed due to his failure to exhaust his administrative remedies.

Failure to exhaust is an affirmative defense, so these Defendants have the burden of demonstrating that Stilley failed to exhaust his administrative remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Because the Court relies on the records submitted, it should convert this motion to one for summary judgment. *Dillon v. Rogers,* 596 F.3d 260, 271 (5th Cir. 2010). At the summary judgment stage, this means that Defendants "must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor." *Id*. at 266. The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The moving party must show that if the evidentiary material of record were reduced to admissible

evidence in court it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Tex. St. Board of Dental Exam'rs*, 304 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)). The burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Allen v. Rapides Parish Sch. Bd.*, 304 F.3d 619, 621 (5th Cir. 2000).

The applicable section of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

This exhaustion requirement extends to *Bivens* suits by federal prisoners. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Zebroski v. U.S. Fed. Bureau of Prisons*, 558 F.App'x 355, 359 (5th Cir. 2014). As Defendants point out, it also applies to all of Stilley's other claims, other than his FTCA claim, discussed above. See *Pupo v. Laughlin*, No. 5:12cv2, 2012 WL 2916742, at *1 (S.D. Miss. May 29, 2012) (28 U.S.C. section 2241); *Calhoun v. Dept. of Justice*, No. 08-1663, 2019 WL 1507649, at 1 (D.D.C. April 14, 2010) (Freedom of Information Act (5 U.S.C. section

552)); *Doyon v. United States*, A-07-CA-977-SS, 2008 WL 2626837, at *4-5 (W.D. Tex. June 26, 2008) (RFRA); and *Krilich v. Fed. Bureau of Prisons*, 346 F.3d 167, 168 (6th Cir. Oct. 7, 2003) (Administrative Procedure Act).

The statute clearly requires an inmate bringing a civil rights action in this Court to first exhaust his available administrative remedies. *Booth v. Churner*, 532 U.S. 731, 739 (2001). Exhaustion is no longer left to the discretion of the district court, but is mandatory. *Jones v. Bock*, 549 U.S. 199, 211 (2007), *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Exhaustion will not be excused when an inmate fails to timely exhaust his administrative remedies; the exhaustion requirement also means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). This is so regardless of whether the inmate's ultimate goal is a remedy not offered by the administrative process, such as money damages. *Id.*

The United States Supreme Court reiterated in *Ross v. Blake,* 136 S.Ct. 1850, 1856-57 (2016), that exhaustion is

mandatory and that a court may not excuse a failure to exhaust, "even to take 'special circumstances' into account." Judicial discretion is foreclosed. *Id*. "Time and again, this Court has rejected every attempt to deviate from the PLRA's textual mandate." *Id.*, *citations omitted*.

The Fifth Circuit held that "the PLRA pre-filing exhaustion requirement is mandatory and non-discretionary," and that "district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement." *Gonzalez v. Seal,* 702 F.3d 785, 787-88 (5th Cir. 2012) (per curiam). The Fifth Circuit case of *Wilson v. Epps*, 776 F.3d 296, 299-300 (5th Cir. 2015), also confirms that strict compliance with the administrative remedy programs is required. Filing the federal lawsuit before the time has ended for the response by the BOP program is impermissible for proper exhaustion. *Id.*

The Bureau's four-step administrative remedies process is set forth in 28 C.F.R. §§ 542.10-541.19. An inmate must first seek informal resolution through a BP-8 form. 28 C.F.R. §§ 542.13(a) provides for the levels of review if the attempt of informal resolution is unsuccessful. First, the inmate must submit a BP-9 form Request for Administrative Remedy to the Warden of the facility in which he is incarcerated within 20 days after the

basis for the grievance occurred. § 542.14(a). If unsatisfied, he may appeal to the appropriate BOP Regional Director by submitting a Regional Administrative Remedy Appeal via a BP-10 form within 20 days of the Warden's response. Finally, if unsatisfied with the Regional director's response, he may appeal to the General Counsel of the BOP by submitting a Central Office Administrative Remedy Appeal (BP-11 form) within 30 days of the Regional director's response. *Id.* Time limits apply on each step in the review. Only after he has completed each level of this process has an inmate exhausted his administrative remedies with the BOP.

As stated, Defendants submitted the Declaration of Lisa Singleton, a Deputy Case-Management Coordinator at the FCC in Yazoo, in support of their motion. Ms. Singleton is responsible for processing the administrative remedy requests filed by inmates. She has access to and knowledge of the computer records known as SENTRY, which contain electronic records for tracking inmates in the federal system, including their ARP usage. Ms. Singleton explained the program described in 28 C.F.R. §§ 542.10 *et seq.* She explained that each initial form filing, a BP-9, is assigned a number known as a "Remedy ID". This number is unique to that filing and may be used to follow

the progression of a remedy from the BP-9 stage through the BP-10 and BP-11 stages.

Ms. Singleton conducted a search of the Bureau's SENTRY system for all administrative remedies filed by Stilley.  She found that Stilley had filed 23 remedy requests with the BOP while incarcerated at FCC Yazoo before he filed this lawsuit.  However, he failed to comply with and complete the BOP's program for "any one remedy series." [27-1, p. 3].  The records she attached show the rejection statuses of each remedy on pages 29-40 of Stilley's history.  His filings were rejected either as untimely or for "some other procedural or circumstantial deficiency."  *Id.*

Plaintiff attached some of his administrative filings to his Complaint, and Defendants reviewed these and described the reasons given for why they were rejected. [28, pp. 7-9].  Some of these include the following reasons for rejection:

1. A letter showing a claim returned as undeliverable (Complaint, [1], p. 5);

2. Claim rejected because filed at wrong institutional level (pp. 23, 39);

3. Claim rejected for not filing necessary paperwork (p. 15);

4. Claim rejected because it was untimely (pp. 15,17,19,38);

5. Claim rejected for untimeliness and being filed at wrong institutional level (p. 39);

6. Claim rejected for filing at wrong institutional level, for failing to use the correct form, and for failing to attempt informal resolution (pp. 33,52,55).

Plaintiff filed a lengthy response to the motions, and his primary argument regarding the non-FTCA claims rests on how difficult the BOP's administrative remedy program is to complete. [31, 32].

According to Plaintiff, he finished high school by earning a GED. He then graduated with a business degree in three years, with high honors, from the University of Arkansas at Fayetteville. He earned his J.D. degree in 2½ years following that and was admitted to the Arkansas Bar on April 15, 1991. Before his incarceration, he practiced law for 19 years. He points out his education and background to illustrate that he is more highly educated that most inmates. Even so, the BOP has held him to zero exhaustions versus 20 failures to exhaust--- this fact alone confirms that the alleged remedies are "unavailable" within the meaning of applicable law, according to Stilley.

In the opinion of the undersigned, Defendants have set forth
evidence meeting their burden of proving that Plaintiff has
failed to exhaust these claims.  Dismissal is required under the
requirement of strict exhaustion and the PLRA.  Exceptions to the
exhaustion requirement only apply in "extraordinary
circumstances," and an inmate must demonstrate the futility or
unavailability of administrative review.  See *Schipke v. Van
Buren*, 239 F.App'x. 85, 86 (5th Cir. 2007) (quoting *Fuller v.
Rich*, 11 F.3d 61, 62 (5th Cir. 1992).

The Supreme Court discussed exhaustion and the availability
of a prison's administrative grievance procedure in *Ross v.
Blake*, 136 S.Ct. 1850.  The Court confirmed that exhaustion is
mandatory but held that the requirement hinges on the
availability of the remedies.  *Id.* at 1858.  The Court noted
three circumstances in which the remedies are unavailable but
stated that "these circumstances will not often arise."  *Id.* at
1859.  The three circumstances are summarized as follows:

1. A procedure is unavailable when, (despite what regulations
   or guidance materials promise) it operates as a simple
   dead end.  This may be when the program lacks authority to
   provide any relief.  *Id.* at 1859.

2. An administrative program is so "opaque" that it becomes

16

as a practical matter, incapable of use. *Id*. "No
ordinary prisoner can discern or navigate [the grievance
system]." *Id*. This may be when the program lacks
authority to provide *any* relief; it is available when
there is "the possibility of some relief." *Id*.

3. When prison administrators use misrepresentation or
   intimidation, including misleading the inmate as to the
   existence or rules of the grievance process or into
   thinking he had done all he needed to do. *Id*. at 1860.

In this case, the administrative procedure program of BOP
could have provided at least some relief as to many of Stilley's
numerous claims. The program's authority is limited to non-
monetary relief, as most ARP programs are. But its authority is
set forth in the program and it has provided relief to prisoners
with similar claims. Many prisoners have managed to exhaust, so
the program is not incapable of relief; there is a possibility of
relief as to most issues raised by Stilley. Finally, although
Stilley complains about the behavior of various prisoner
administrators, he was clearly aware of the system and the rules;
he simply did not comply with all of the procedural requirements.
Stilley has not set forth evidence showing that the BOP procedure
was unavailable to him. The exceptions are rare. Stilley is a

former attorney and should be able to navigate the BOP system, as many non-attorneys do.

Stilley's attempts to show that the program is unavailable due to its difficulty does not excuse the exhaustion requirement in this case. In fact, the undersigned has been the Magistrate Judge in many cases filed by a *pro se* federal prisoner at Yazoo FCC where that plaintiff has, in fact, exhausted his BOP administrative remedies. This is the case even though those inmates were not as highly educated as Stilley. Most inmate plaintiffs limit their claims to fewer than Stlley's, and this probably makes the process less cumbersome and easier to utilize. Nevertheless, it the prison that sets up the program, and this Court has no authority to amend the program or to excuse its requirements. The fact that the program is somewhat complicated and requires four steps simply does not render it "unavailable" under the law. Stilley could even now exhaust at least some of his claims if new instances have arisen.

Stilley generally contends that the BOP program is too difficult to complete as to all steps. Courts have held that difficulty of the program, without more, is not sufficient to excuse the exhaustion requirement. *Blevins v. Upton*, Civil Action No. 4:14cv1028, 2019 WL 1380176 at *5 (N.D. Tex. Mar. 26,

2019) (without more, "the process is difficult and hard for inmates to navigate" does not excuse exhaustion)(citations omitted).

Stilley argues on behalf on all inmates, rather than setting forth the specific facts that rendered the BOP program unavailable to him on each of his 20 grievances filed. For example, he contends that the DOJ-BOP uses punitive transfers or placement in SHU (Special Housing Units) to "wreck the litigation abilities" during the year inmates have to file a 2255 petition [32, p. 7]. Yet, he provides nothing but his conclusory allegation, unsupported by a factual basis. Nor does he set forth a specific deadline he missed or explain why he could not file grievances while in the SHU. All of his charges for why the program was not available are generalized to the entire inmate population, not to his specific claims or attempts to exhaust.

In this case, it is the opinion of the undersigned that Defendants' "uncontested, competent summary judgment evidence establishes beyond peradventure" that the remedy program at Yazoo FCC was available to Stilley and that he failed to complete it regarding the specific claims set forth in the Complaint. *See Fruge v. Cox,* Civil Action No. 14-0153, 2015 WL 964560 at *4 (W.D. La., March 4, 2015).

Because Stilley failed to exhaust his administrative remedies, the Court need not reach the merits of the claims. *See Marshall v. Price,* 239 F.3d 365 (5th Cir. 2000) (declining to reach the merits of an inmate's Section 1983 claims after finding that he failed to exhaust his administrative remedies).

## IV. CONCLUSION

For the reasons discussed herein, it is the recommendation of the undersigned that Defendants' Motions to Dismiss [25 & 27] be **granted,** and that Plaintiff's Complaint be dismissed without prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation,

shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted, this the 21st day of August 2020.


__/s/ Linda R. Anderson_____
UNITED STATES MAGISTRATE JUDGE