IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI



OSCAR STILLEY           PLAINTIFF

V.           3:19-CV-6 HTW-LRA

WARDEN CHRISTOPHER RIVERS
( STEVEN REISER NOW SUBSTITUTED) ET AL      DEFENDANTS

PLAINTIFF OSCAR STILLEY'S VERIFIED SECOND MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS TO REPORT AND RECOMMENDATION FOR DISMISSAL OF COMPLAINT; {DOCKET 37] ALTERNATIVELY FOR REASONABLE TIME FOR DISCOVERY ALLOWING DISCOVERY OF FACTS RELEVANT TO THE ISSUE OF EXHAUSTION; ALTERNATELY FOR OTHER APPROPRIATE RELIEF

Comes now Plaintiff Oscar Stilley (Plaintiff) and for his verified motion states:

1. On 8-21-20 the Magistrate entered a Report and Recommendation [Docket 37] recommending that the entire 69 page complaint be dismissed for failure to exhaust administrative remedies.

2. The day after receiving the R & R, Plaintiff prepared and filed, via prison mailbox rule, a motion for extension of time to object to the report and recommendation, seeking 60 days.

3. Plaintiff at the time was in "quarantine" preparatory for being sent to home confinement.

4. On 9-1-20 the government responded suggesting that an extension up through and including 9-21-20 would be quite sufficient for the needs of Plaintiff.

5. On 9-11-20 the District Court entered an order granting Plaintiff an additional 7 days to file objections to the Magistrate's Report and Recommendation, [Docket #37] such that the deadline was 9-18-20. The District Court also stated that no further extension of time to object would be granted.

6. Plaintiff was sent from Yazoo City Federal Prison Complex to halfway house, for placement in home confinement, on 9-2-20.

1

7. However, Plaintiff was sent BACK to the halfway house (City of Faith in Little Rock, Arkansas) because the AT & T telephone line procured specifically for Oscar Stilley's home confinement did not work. Plaintiff did not come back to home confinement until the following Wednesday.

8. This was altogether unnecessary, since Plaintiff had a GPS monitor on his ankle, and the proper authorities knew his location at all times.

9. Having lost a week, Plaintiff then went back to home confinement 9-9-20.

10. On 9-2-20, Plaintiff asked his counselor, Mr. Henderson, for his legal papers, stating specifically that he was under a tight deadline and needed to take his legal papers with him.

11. Mr. Henderson declined to send Stilley's papers to the rendezvous point for departing inmates, saying that he would send these papers in a week or two and would also provide a tracking number, to ensure timely and secure delivery of these papers.

12. As of even date Plaintiff has none of these legal papers, totaling about 150 pounds.

13. Nor does Plaintiff have any tracking number.

14. Plaintiff was not aware that the government had responded 9-1-20, until after calling the clerk's office 9-16-20, to ensure that his motion for extension had been filed.

15. Plaintiff necessarily left a forwarding address for the Department of Justice-Federal Bureau of Prisons (DOJ-FBOP). The DOJ-FBOP knows where to send mail received for Plaintiff.

16. Plaintiff has not, as of this writing 9-16-20, received the government's response in the mail.

17. Plaintiff also has not received the Court's order in the mail.

18. The prison mailroom at FCC Yazoo City is absolutely atrocious, often delivering mail a

2

month or more late, even when no forwarding is involved, generally without explanation or apology.

19. Plaintiff only knew about the court's order because he called the clerk's office to inquire.

20. Plaintiff was then told the deadline was the 18th, and that he could not file electronically or send the pleading as an attachment to an email.

21. Plaintiff is currently suffering from a diseased left eye, more than 2 months after the initial infection. But for the negligence of the DOJ-FBOP, this eye most probably would have been fully recovered long ago. This eye problem materially interferes with Plaintiff's ability to function, work, and write.

22. Furthermore, Plaintiff is placed in the unenviable position of deciding whether to devote time and effort toward medical care for his eye, or toward complying with the extremely tight deadline imposed by the Court.

23. Plaintiff was kept in "quarantine" for 49 days leading up to his 9-2-2020 departure to halfway house, preparatory for home confinement.

24. There was absolutely no legitimate justification for this lengthy "quarantine."

25. Plaintiff repeatedly complained, asked for justification, and asked for documentation of the authorization for such extension of the time of "quarantine."

26. The Attorney General in a memo 4-3-2020 authorized a 14 day quarantine.

27. At FCC Yazoo City, the quarantine time was first raised to 21 days, then to 28 days, then (in some instances) to 35 days, all without ever issuing a written memorandum or identifying any official responsible for these changes.

28. Furthermore, the "quarantine" was arbitrarily "re-started" without any written memo stating the reasons.

29. Plaintiff was never given any authority or explanation authorizing any of the increases of the time for quarantine.

30. But for the additional time in quarantine, Plaintiff would have been able to get settled in to home confinement, so as to respond to the Defendants' motion in a reasonably effective way.

31. Numerous statements of fact relied upon by the Defendants for dismissal are demonstrably false.

32. Plaintiff has not been allowed discovery, so that he could not only show the falsehood of the government's factual allegations, but so that he could also show true and correct facts.

33. The Defendants have used their official position and power to attack and obstruct Plaintiff's right of reasonable access to the courts.

34. No competent and responsible attorney would attempt to respond to a dispositive motion without access to the existing record maintained by the Plaintiff.

35. Plaintiff has maintained the docket and docket items, and other relevant papers, for his own use in this litigation, by placing same in Ibico binders as received.

36. This set of files is amongst the papers Plaintiff requested when leaving prison 9-2-20.

37. The DOJ-FBOP and its officials should not be allowed to use the power of incarceration to wreck the ability of an inmate to litigate effectively.

38. Plaintiff is still in the custody of the DOJ-FBOP.

39. Plaintiff was as firm and assertive as the circumstances would reasonably permit, in asking for his papers at the time of his departure from prison. However, Plaintiff is not casting the slightest aspersions against Mr. Henderson, and remains confident that he will send Plaintiff's legal papers, and will furthermore provide a tracking number.

40. The Defendants, in this case or any case, should not be rewarded for their bad acts.

41. Plaintiff requests 60 days extension, but remains committed to completing and filing his objections as soon as reasonably practicable.

42. The 7 days from the time of the Court's order, to file objections, virtually guaranteed that Plaintiff would not have a reasonable time from receipt of the order, to prepare objections.

43. Plaintiff is in the process of seeking access to a paid online research subscription.

44. Plaintiff at the present time has no access to any legal research other than the internet generally. Plaintiff has been denied access to the internet for more than 10 years and presumes that it is not practical to do legal research without some subscriber legal research service.

45. The Defendants have not shouldered their burden of proving a prima facie case of failure to exhaust administrative remedies "available" within the meaning of the law.

46. No prejudice will result, if Plaintiff gets a reasonable and sufficient extension of time to file objections.

47. The current record is not adequately developed, so as to allow an appellate court to review the legal merits of a decision to dismiss this case on grounds of failure to exhaust administrative remedies. Plaintiff would be extremely prejudiced by a dismissal of the complaint.

48. Defendants have engaged in outrageous retaliation for attempts to exhaust administrative remedies, virtually up through the departure from federal prison.

49. By way of example and not limitation, within the past year Plaintiff was sent to SHU (Special Housing Unit, or jail for the prison) for complaining about the theft of mail matter, (a felony) and on another occasion for some effort that would require discovery, and perhaps depositions to even determine the official reason.

50. Plaintiff has been given inadequate time to review, edit, and "soften" the language of his

pleadings. This pleading doubtless omits important information as well.

51. Plaintiff has had no opportunity for discovery, with respect to exhaustion or otherwise. Plaintiff wants the opportunity and respectfully requests same.

WHEREFORE, Plaintiff respectfully requests an extension of 2 months, up through and including 11-17-20, to file objections to the magistrate's Report and Recommendation; alternatively or cumulatively for discovery sufficient to allow determination of facts relevant to the issue of exhaustion, and general discovery; alternatively that this pleading be construed as objections sufficient to deny the motion to dismiss; and for such other and further relief as may be appropriate whether or not specifically requested.

VERIFICATION

Plaintiff by his signature above declares under penalty of perjury pursuant to 28 USC 1746 that the foregoing statements are true and correct.

By: _____        September 17, 2020
Oscar Stilley                                Date
101 Martin Street
Fort Smith, AR 72908
oscarstilley@gmail.com
479.274.9291 (Martha Durossette, message line)

CERTIFICATE OF SERVICE

Plaintiff by his signature above pursuant to 28 USC 1746 certifies that he caused the Defendants to be served by placing a copy of this pleading in USPS OVERNIGHT, with sufficient postage prepaid, addressed to the clerk of the court for filing and service via CM/ECF..