IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

OSCAR STILLEY      PLAINTIFF

V.      3:19-CV-6 HTW-LRA

WARDEN CHRISTOPHER RIVERS
(ACTUALLY STEVEN REISER) ET AL    DEFENDANTS



PLAINTIFF OSCAR STILLEY'S BRIEF IN SUPPPORT OF VERIFIED SECOND MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS TO REPORT AND RECOMMENDATION FOR DISMISSAL OF COMPLAINT; {DOCKET 37] ALTERNATELY FOR OTHER APPROPRIATE RELIEF

Comes now Plaintiff Oscar Stilley (Plaintiff) and for his brief in support of verified motion states:

Plaintiff left federal prison 9-2-2020. This Court entered a docket text order 9-11-20 stating that objections had to be filed by 9-18-20. This order stated that the response was originally due 9-4-20. Plaintiff doubts that this is an accurate statement, because he was not accorded any additional time for receipt by mail. He might be wrong, but he can't speak with authority, because this brief is written hastily, without any legal research capabilities at all.

That might seem unreasonable, until you consider that this motion is taking time desperately needed for care for an eye that got a serious disease over 2 months ago.

Plaintiff hasn't received this order and would not know about it, but for a call to the clerk's office 9-16-20. That left Plaintiff with a single day to draft the objections, (or other suitable pleading such as this motion to extend time) print them, get them to an overnight delivery service, prepare the envelope, and send them at a cost of about $20 or $30. That comes in addition to the requirement that Plaintiff take a day per week out of his schedule to go to Little Rock, apparently mainly for a drug test. It is no wonder that the DOJ-FBOP is a failure

1

machine. Everything they do is set up for failure.

That's a pretty tall order for someone fresh out of prison, working for $10 per hour on a new job, trying to learn the ropes with respect to the technological changes of the past 10 years.

Plaintiff doesn't have the docket items. Those are in his property, and he does not yet have his property. Theoretically he might get more off PACER – but he's cut off at the pass for that too. Time's up, deadlines must be respected. There simply is not time to do more. The printing has to be done, and the motion must be sent.

Defendants submitted a statement under penalty of perjury knowing it to be false. Having been told that it is materially and indisputably false, they choose to hold steadfast in their lies. Lisa Singleton is an unmitigated liar, making claims altogether in irreconcilable conflict with those made previously by other officials of the DOJ-FBOP. Wish I could be more specific and precise, and cite precisely to court papers proving these falsehoods.

Plainly the Magistrate thinks that the burden is on the Plaintiff to prove the exhaustion of administrative remedies. At page 4 of the R & R she says "[t]he burden of proof is on the party asserting jurisdiction..." That's simply error, but Plaintiff can't cite a case for it. As these words are typed, it is 2:15 PM on the 17th, and Plaintiff doesn't know what obstructions he might face in getting his package to the Post Office on time.

To the extent that it is not this Court's job to research the law, it is the Court's duty to allow adequate time to a person in DOJ-FBOP custody, sufficient to meet the requirements of due process. The fundamental essence of due process is the right to be heard in a meaningful time and a meaningful manner. That can't be done when the litigant is denied access to the RECORD and to any sort of usable legal research tool.

On page 6 it becomes clear that the Magistrate thinks that Plaintiff's tort claims must be

associated with FCC Yazoo City. This is fundamentally at odds with the venue statues governing FTCA Tort Claims, but Plaintiff can't show that without time and access to court rules and decisions. Furthermore, Mr. Robles knows nothing about the actual request for reconsideration, DONE ON DOJ-FBOP COMPUTERS, and thus available through any honest discovery process, which would prove that Plaintiff did in fact ask for the reconsideration necessary to extend the time for his tort claim.

The Magistrate complains about allegedly "conclusory allegations" of retaliation. Under the caselaw, the facts alleged give Plaintiff the right to do discovery. The allegations aren't truly conclusory. They give sufficient specific facts which, if true, would prove retaliation for the exercise of constitutionally protected 1st Amendment peaceful petition, amongst other things.

On page 8 the Magistrate repeats the legal error that Plaintiff must prove exhaustion. An error of law necessarily constitutes an abuse of discretion. The process of reports and recommendations, with time for well researched and well written objections, tend to reduce the amount of embarrassing abuses of discretion that the appellate courts must correct.

The Magistrate has not explained how an experienced attorney, practicing in many disparate jurisdictions with scarcely any procedural defaults, could be held to "0 of 20" by the DOJ-FBOP. In truth this claim is a pure unadulterated fraud, on par with the claim that Kim Jong Un is the world's greatest golfer.

Nobody explains how a record of approximately 30 claims and 1 exhaustion has now come to 0 out of 20. This of course proves that the allegations are altogether untrustworthy. Plaintiff believes that reliance on statements that are NECESSARILY false also deprives due process and constitutes an abuse of discretion. It would be very nice to be able to cite a case for this proposition.

3

On page 9 the Magistrate states, correctly, that failure to exhaust is an affirmative defense. At the same time the Magistrate proposes converting the motion to summary judgment, probably because it is impossible to recommend dismissal without so doing. However, this leaves Plaintiff with NO evidence and no opportunity to get it. Plaintiff believes this to be both a deprivation of due process and an abuse of discretion.

Much effort is expended to say that available remedies must be exhausted. Plaintiff hasn't claimed "special circumstances" or any of the other bunny trails involved. Plaintiff *has in fact* exhausted all administrative remedies available to him, within the meaning of the law.

Ms. Singleton is not a competent witness as to any of the facts alleged starting at page 14 of the R & R. Most of these claims were a pure unadulterated fraud, utterly false. The discrepancy between the totals in this litigation and other litigation is not explained. The Defendants seem altogether unconcerned about the fact that DOJ-FBOP records are pure rubbish, utterly unworthy of belief. The Defendants of course don't want *anyone* asking hard questions about their theft of mail matter (a felony) and *plain and obvious* retaliation immediately thereafter. The Defendants of course don't want anyone asking hard questions about their scams, in which they attempt to pin the destruction or spoliation of mail matter on the post office – when most certainly the US Post Office had nothing to do with it.

At page 15 we have mention of 20 administrative remedies, in contrast to the 23 administrative remedies alleged on the previous page. So which is it? Plaintiff can't say because he can't even look at the record.

On page 16 the magistrate summarily concludes that the Defendants have met their burden of proving that Plaintiff has failed to exhaust his administrative remedies. However, she points to no evidence, and gives no explanation why Plaintiff shouldn't have discovery to present

4

his side of the story. She points to no evidence to show that the DOJ-FBOP remedies were "available" to Plaintiff in the matters presented in the complaint in this case.

On page 17 the Magistrate observes that some inmates navigate the DOJ-FBOP administrative remedy process. This is true – but it is also true that such things are necessary to create the pretense that administrative remedies are generally available to inmates. None of this constitutes any proof through which the burden should be shifted to Plaintiff.

The Magistrate states on the same page that Plaintiff "...has not set forth evidence showing that the BOP procedure was unavailable to him." If this is true, why can't Plaintiff have a chance to cite to his own record? Furthermore and perhaps more importantly, what legal principle authorizes cutting the Plaintiff clean off from any chance to secure evidence in discovery, sufficient to defeat this summary judgment? What kind of procedure opens evidence to one side but not the other?

Please don't forget to look at these indisputably false records with 1) an eye toward the rules of evidence, as to what is acceptable on summary judgment, and 2) an eye toward *the actual statements of fact*. Nobody is taking responsibility for these records. Nobody even alleges under oath or affirmation that they are true, correct, and complete. Clearly they aren't.

At page 19, the Magistrate claims that Plaintiff hasn't provided "factual basis" for his allegations. Why then no discovery, to allow Plaintiff to prove his claims? If his evidence is "conclusory" why then can he not get summary judgment evidence that is clearly acceptable under Rule 56?

Once again, the Magistrate addresses "...the administrative remedy program at Yazoo FCC." Yet most of the claims were raised and litigated at previous institutions. Once again the Magistrate seems to think that a punitive transfer simply erases all claims related to any prior

5

institution. This is not the law.

Once again the Magistrate lavishes effuse praise on the Defendants' "evidence" without saying what that evidence is, or why it matters. While we're talking about "conclusory" statements, we ought to give fair scrutiny to these conclusions that the government's "evidence" is so wonderful and sufficient.

Page 20 says that the Plaintiff has 14 days *after being served,* to file his objections. Perhaps it is a small point, but it is important to the Plaintiff. Plaintiff had the right to rely on these representations. At the present time, Plaintiff respectfully submits that 60 days is perfectly reasonable, and should be granted. Plaintiff will proceed with all deliberate speed, regardless of the time authorized.

Please remember that Plaintiff still doesn't have his record, and does not know when he will get it. He has no legal research tool, and doesn't know when he will get it. Plaintiff is ill inclined to presume the bad faith of DOJ-FBOP authorities, without good and sufficient reason. Plaintiff believes that he will get his papers in due time. Plaintiff remains in DOJ-FBOP custody, and is entitled to receive his property and use it for all lawful purposes.

Plaintiff is sorry to send this motion and brief so poorly edited, but cannot do better.

Plaintiff vehemently objects to being relegated to "construed" objections in these pleadings, but includes this request as a prophylactic matter, hoping to avoid prejudice the best that he can. Plaintiff respectfully requests a chance to do work of reasonable quality.

For all the reasons stated, Plaintiff respectfully requests the extension requested at the end of the motion, alternatively or cumulatively for other relief according to the prayer in the motion.

By: /s/ Oscar Stilley　　　　　　　　　　　September 17, 2020
Oscar Stilley　　　　　　　　　　　　　　　Date
101 Martin Street
Fort Smith, AR 72908
oscarstilley@gmail.com
479.274.9291 (Martha Durossette, message line)

## CERTIFICATE OF SERVICE

Plaintiff by his signature above pursuant to 28 USC 1746 certifies that he caused the Defendants to be served by placing a copy of this pleading in USPS OVERNIGHT, with sufficient postage prepaid, addressed to the clerk of the court for filing and service via CM/ECF..