IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

OSCAR STILLEY                                                                          PLAINTIFF

v.                                                           CASE NO. 3:19cv6-HTW-LRA

WARDEN RIVERS, ET AL.                                               DEFENDANTS

---

**DEFENDANTS' REPLY TO PLAINTIFF'S OBJECTION TO THE
REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

---

Defendants Warden Christopher Rivers, Director J. F. Caraway, Director J. A. Keller, Federal Bureau of Prisons, the United States of America, U.S. Attorney General William Barr, former complex warden David Paul, and Director Kathleen Hawk Sawyer submit this reply in opposition to Plaintiff's objection to the report and recommendation of the U.S. magistrate judge. *See* Dkt. No. 44.

## I. DISCUSSION

Plaintiff Oscar Stilley, filed a lengthy complaint with numerous claims against Defendants. *See* Dkt. No. 1. The United States of America moved to

dismiss the FTCA claim against it because Plaintiff never filed an administrative tort claim based on the negligence alleged in his complaint. *See* Dkt. Nos. 25 (motion); 26 (brief in support). All defendants moved to dismiss the remaining claims because Plaintiff did not exhaust all levels of administrative review for any of his non-FTCA claims. *See* Dkt. Nos. 27 (motion); 28 (brief in support).

In its report and recommendation (R&R), the magistrate judge rightly concluded that Plaintiff failed to exhaust any of his claims as required by federal law. *See* Dkt. No. 37.

Plaintiff filed an objection to the R&R. *See* Dkt. No. 44. In his objection, Plaintiff re-raises arguments that are addressed adequately and correctly by the magistrate court in its R&R.[1]

---

[1] Plaintiff argues that the Singleton affidavit, Dkt. No. 27-1, is hearsay. *See* Dkt. No. 44, at 11-12. Assuming arguendo that there is some deficiency in the Singleton affidavit that renders it inadmissible at trial (something that Defendants do not concede), the Court can consider the affidavit at this stage of the proceedings because evidence submitted in connection with summary judgment does not have to be presented in an admissible form. Critically, this Court may consider the affidavit because Defendants will be able to present the evidence from the affidavit in admissible form at trial (e.g., via testimony or through a Rule 803 exception). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 538 (4th Cir. 2015); *see also Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1294 (11th Cir. 2012) ("The most obvious way that hearsay testimony can be reduced to admissible form is to have the hearsay declarant testify directly to the matter at trial").

Plaintiff admits that he is not litigating any of the 23 administrative remedy requests that he filed while incarcerated at FCC Yazoo City. *See* Dkt. No. 44, at 10. For this additional reason, dismissal of Plaintiff's complaint is proper—as any claim that was not presented for administrative review is necessarily unexhausted.

Plaintiff also challenges the R&R because, according to Plaintiff, he exhausted claims from a different federal prison at a different time. *See* Dkt. No. 44, at 7, 14-15 (citing Exhibits 90-92, 119, and 122 of his complaint). Such things are unrelated to his present complaint. As the R&R states, Plaintiff cannot file a complaint in this Court concerning prison conditions at another facility in another federal district. *See* Dkt. No. 37, at 7. Therefore, even if such claims were exhausted administratively, they are not properly before this Court.

Plaintiff suggests that he could not exhaust his administrative remedies because he did not receive timely responses from the reviewers. *See* Dkt. No. 44, at 12-13. This is not an appropriate reason for Plaintiff's failure to exhaust his grievances administratively. *See* Dkt. No. 26-1 ¶¶ 5-7 (explaining the BOP's administrative remedy program, including the rights that inmates have to

proceed to the next administrative level of review if they do not receive timely responses to their grievances).

Plaintiff did not carry his burden as to the FTCA claim, and Defendants carried their burden with respect to the non-exhaustion of all other claims. *See* Dkt. No 37. Plaintiff's objections lack merit. Consequently, they should be overruled.

## II. CONCLUSION

Defendants urge the Court to overrule Plaintiff's objections, adopt the report and recommendation of the magistrate judge, and dismiss Plaintiff's complaint with prejudice.

Respectfully submitted,

D. MICHAEL HURST, JR.
*United States Attorney for the*
*Southern District of Mississippi*

/s/ *Jennifer Case*

JENNIFER CASE
Mississippi Bar Number 104238
*Assistant United States Attorney*
501 E. Court Street, Suite 4.430
Jackson, Mississippi 39201
Dated: October 23, 2020         (601) 965-4480

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the Electronic Case Filing system (ECF). I certify that a true copy of the foregoing has been mailed via United States Mail, postage prepaid, to the *pro se* Plaintiff as follows:

<u>**Pro Se Plaintiff**</u>
Oscar Stilley
101 Martin Street
Fort Smith, AR  72908

Dated:  October 23, 2020

/s/ *Jennifer Case*
_____
JENNIFER CASE
*Assistant United States Attorney*