IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

OSCAR STILLEY, DOJ-FBOP 10579-062                              PLAINTIFF

V.                    CIVIL NO. 3:19-CV-6 HTW-LRA

WILLIAM BARR, IN HIS OFFICIAL
CAPACITY AS US ATTORNEY GENERAL, ET AL              DEFENDANTS

PLAINTIFF'S REPLY TO RESPONSE TO OBJECTIONS TO REPORT AND RECOMMENDATIONS [DOCKET # 37]

Comes now Plaintiff Oscar Stilley (Plaintiff) and for his Reply to Response to Objections states as follows:

On Friday, 10-23-20, the Defendants responded to the objections to the Magistrate's report and recommendation.

Defendants tacitly admit the fact that Plaintiff exhausted his remedies under the Federal Tort Claims Act (FTCA) 28 USC 2671 et seq. The defendants at page 3 of Document 45 admit that Plaintiff claims to have exhausted remedies as to FTCA claims, but only as to torts committed at one or more other institutions.

Defendants cite to the Magistrate's Report and Recommendation as their "authority." They say that:

> As the R&R states, Plaintiff cannot file a complaint in this Court concerning prison conditions at another facility in another federal district. *See* Dkt. No. 37, at 7.

The Magistrate cited no authority for her conclusion of law. Ordinarily, a party litigant blessed with an extravagant legal conclusion by a judicial officer will attempt to support and

1

defend said judicial officer's legal conclusions. Generally that is done by the simple expedient of *citing some case law!*

Not so this time. Neither the Magistrate nor the Defendants have favored the Court with so much as a solitary case on point, or any statute, or any rule, in support of their proposition.

The argument proves too much. Plaintiff was moved to another prison complex on 3 separate occasions. If the destruction of a prisoner's cause of action is as simple as shipping the injured plaintiff to a geographically distant prison compound, why wouldn't that be done every time? The DOJ-FBOP (by and through the United States) would be answerable for torts, conformable to express Congressional intent and statute, *only* at its own pleasure and its own sufferance. This cannot be the law.

The defendants argue that the lack of responses to administrative remedies does not excuse failure to exhaust. The flaw in that argument is that inmates are only required to exhaust "available" remedies. *Ross v. Blake*, 136 S. Ct. 1850, 1858–59 (2016)   Plaintiff has exhausted all remedies "available" to him, within the meaning of the law.

See for example Complaint Exhibit 15. Plaintiff appealed to Regional, was shipped, and had his copy of the appeal taken. Plaintiff's counselor informed him that he could not get a copy of those documents. Plaintiff's appeal was denied on grounds it should have been first appealed to Regional. However, it was in fact appealed to Regional. Strange indeed that Plaintiff's papers were stolen, AND SENTRY has no record of any appeal. Of course it would do no good to file a new appeal - that would be clearly out of time, and would be REJECTED. It would not be processed.

Stealing administrative remedy documents does not make the administrative remedy go

2

away. Stealing administrative remedy papers simply makes the remedy *unavailable*, within the meaning of the law.

Look at Exhibit "20." The Warden of FCC Oakdale says that "you cannot seek informal resolution to the expungement of a UDC sanction." Yet at Exhibit "24 Regional assigns as their FIRST REASON for rejection the failure to attempt informal resolution of a UDC sanction. Central Office then says Plaintiff submitted his appeal to the wrong level - despite the fact that DOCUMENTATION of efforts at informal resolution is prerequisite to appeal.

Defendants have simply blockaded appeals, time and again. They leave NO means of getting what they would concede to be "keys to the courthouse." That's their modus operandi. Destroy all possibility of exhaustion, on serious matters, then claim that the inmate can't litigate because they didn't exhaust an administrative remedy that is in reality nothing more than a mirage.

Look at Exhibit "119." DOJ-FBOP personnel wrote on the face of the "documentation of informal resolution" the words "cannot be answered at this institution." Plaintiff duly appealed to Regional, since the institution had already said it couldn't be *answered* at the institution. In other words, this wasn't considered a processable administrative remedy request. Regional then said the appeal was submitted to the wrong level. Exhibit "121."

Plaintiff submitted an Electronic Request to Staff to the Warden of the institution, attention of his Executive Assistant. Exhibit "122." Plaintiff got no answer or response of any kind. Therefore Plaintiff appealed to Central Office. Exhibit "123."

Central Office responded saying "Concur with rationale of Regional Office and/or Institution for rejection." Exhibit "124." This is just priceless, perfectly wonderful bureaucratic

3

jibberjabber. The institution and Regional Office are pointing fingers at each other with claims that are in utter, irreconcilable conflict. They can't both be right, since their claims are mutually exclusive.

That doesn't matter one whit to Central Office. This is boilerplate, selected by some unidentified bureaucrat who gives nothing but illegible initials. Central Office, and its employees who run SENTRY, see no need whatsoever for *logic, rationality, or consistency*. They see no need to give so much as a suggestion that they might have *read* the appeal papers *upon which they pass judgment*. For them, it is enough to say that the inmate is wrong, even if the actual statement of the claim is bizarre and logically impossible.

It is no wonder that they such bureaucrats are not eager to forthrightly identify themselves.

All this was explained in the objections. The Defendants in their response say that "such things are unrelated to his present complaint." In other words, the only arrow in the Defendants' quiver is the claim that shipping an inmate from one prison to another destroys the claim, "even if such claims were exhausted administratively."

Thus, distilled to its essence, the Defendants are effectively arguing a proposition for which nobody has a solitary case, statute, or rule to cite in support. While Defendants aren't quite willing to forthrightly abandon the exhaustion defense, when the going gets tough they dart sideways, blink their eyes, and change the subject.

Plaintiff argued that the Defendants' main witness was dishonest and unreliable. Once again, lawyers and litigants generally defend their witnesses. In this case, however, the Defendants in the footnote on page 4 argue that the contents of the "Singleton affidavit" could be

presented as testimony.

Perhaps, but that runs smack into rules that allow for discovery prior to dismissal of a case on summary judgment. Plaintiff would very much like to get Ms. Singleton's explanation of why she sat on administrative remedies for over 3 months, then logged them as if they were fresh. Furthermore, she has a lot of explaining to do about why administrative remedies simply aren't processed at FCC Yazoo City. Yet Defendant simply ignores Plaintiff's claim of right to reasonable discovery prior to grant of summary judgment.

WHEREFORE, Plaintiff respectfully requests that the Magistrate's Report and Recommendation be overruled in its entirety; and such other and further relief as may be appropriate whether or not specifically requested.

By: /s/ Oscar Stilley                                    October 28, 2020
Oscar Stilley
101 Martin Street
Fort Smith, AR 72908
479.384.2303 mobile
oscarstilley@gmail.com

CERTIFICATE OF SERVICE

Plaintiff by his signature above pursuant to 28 USC 1746 certifies that on the date stated above he caused the Defendants to be served by depositing a copy of this pleading in the US Mail, with sufficient 1st class postage attached, addressed to the clerk of the court for filing and service via CM/ECF. Plaintiff only received the defense response on Monday, October 26, 2020.